## CAIN v. COCKE.

WRIT OF ERROR. *Application. Transcript.* To entitle a party to a writ of error he must not only make application for the writ within the time allowed by law, but must also, within that time, file a transcript of the record.

Cases cited: *Claiborne* v. *Crocket,* Meigs R., 607; *Moody* v. *McNeilly,* 3 Heis., 544, 1 Jere Baxter, 342.

FROM JEFFERSON.

Writ of error from decree of Chancery Court at Dandridge. H. C. SMITH, Ch.

THORNBURGH & McFARLAND for complainant.

HENDERSON for defendant.

DEADERICK, C. J., delivered the opinion of the court.

In this case a final decree was rendered on the 30th of October, 1873. On the 29th of October, 1875, one of the judges of this court, by his *fiat* of that date, directed the clerk of this court, to issue a writ of error.

The record was filed in this court January 12, 1876, and notice issued to complainant January 17, 1876.

The cause is submitted upon the motion of the complainant to dismiss the writ of error, because a transcript of the record was not filed within two years after the rendition of the final decree.

It will be observed that the *fiat* of the judge, for writ of error, was obtained before the expiration of two years from the rendition of the final decree, but

the transcript was not filed until more than two years. had expired from the date of said decree.

Upon the one hand it is insisted, that to fall within the spirit and meaning of the statutes upon this subject, the transcript should be filed in this court within two years after final decree. Upon the other, it is maintained that the language and meaning of the statutes are that the application for the writ of error shall be made to the judge before the two years have expired, and if granted and ordered, then the record may be filed after two years have expired. And this construction it is insisted has been given to the statutes upon this subject, by this court, in the case of *Claiborne* v. *Crockett*, Meigs R., 607.

By sec. 3177 of the Code, the writ of error "may be moved for and obtained in the appellate court, or issued by the clerk of the appellate court in vacation, upon the transcript of the record being filed in his office, and bond given as required by law."

This section seems to imply, as a condition precedent, that the writ of error shall only issue upon the filing of the transcript, and giving bond. But in practice no writ of error ever issues. Its office is to require the inferior court to send up, to the appellate court, a transcript of the record that errors therein may be corrected. The transcript being filed when the writ of error is moved for and obtained under sec. 3177, all is accomplished that could be done by the issuance of the writ. The cause is in the appellate court, and whether the application be made to the clerk or to the court, this section provides that it may

be issued by the one, or obtained from the other, by giving bond and filing the transcript. Secs. 3180 and 3181 prescribe the time within which the application shall be made—to the clerk within one year, and to the appellate court, or a judge thereof, within two years after the judgment or decree.

If the application were made to the clerk he would have no authority to issue the writ, or rather to issue notice that the cause was pending in his court by writ of error, unless the transcript was filed and bond given, nor would the appellate court consider the cause in court unless these conditions were complied with.

A writ of error is considered a new suit, and the filing of the transcript and the execution of bond with security, or taking the pauper's oath, are essential to the commencement of this proceeding under sec. 3177 of the Code.

We cannot think that it was the intention of the Legislature that the obtaining from a single judge of this court a *fiat* for a writ of error, authorizes a party to file his transcript at any period after the lapse of two years from the rendition of the decree or judgment. It is true that the statute says that the application for the writ of error shall be made within one year to the clerk, or within two years to the appellate court or judge thereof. But in order to obtain the writ something more is necessary than making application for the writ, and it will not be granted until the record is filed and bond given, whether the application be made to the court or a judge thereof.

In the case of *Moody* v. *McNeilly*, 3 Heis., it

Cain v. Cocke.

was held that when a record is filed with the Clerk of the Supreme Court, but no bond or notice given, it will not operate as a writ of error. And if a bond was given after the lapse of a year, it would not give the effect of a writ of error to the filing of the record. Yet the statute says the *application* shall be made to the clerk within one year. But the case cited requires not simply that *application* be made, but thát bond be given within the year, and the record filed, in order to obtain the benefit óf the writ of error.

If the *fiat* of itself operated to bring the cause in this court, without the filing of the record, that might not be done at all. If not restricted to two years for filing the record, there is no specific time within which the law requires it to be done.

The case cited in Meigs' Reports was not decided in reference to the question in this case.

In that case one of the judges of this court, on the 8th of December, 1828, granted writs of error and *supersedeas* to a decree of the Chancery Court rendered at the preceding June term. The record was filed on the same day, and bond and security given. After this, on December 13, 1828, the decree of the Chancery Court was executed by a sale of land; and this court said: "We think that the cause was in this court on the 8th of December, 1828, and that the writ of error operated by virtue of the *fiat* of the judge as a *supersedeas*, although no writ of *supersedeas* was served upon the clerk of the Chancery Court," 610.

In that case everything was done on the same day, necessary to take the case out of the jurisdiction of the Chancery Court and transfer it to this court; all within about six months after the rendition of the decree.

The question was whether the sale by the clerk and master was valid, he not having received any notice of the writ of error or *supersedeas.*

By sec. 3111 it is provided "that the writ of error *coram nobis,* may be had within one year from the rendition of the judgment by petition presented to the judge at chambers or in open court," etc. Judge Freeman, in construing this statute, in a case reported in 1 Jere Baxter, 342, says, that the proceeding is a new suit commenced to reverse a former judgment, etc., and that the mere granting of a *fiat* for the issuance of the writ is not its commencement, and adds as a reason against such construction, that a party might never file his petition at all, or lay it away with the *fiat* upon it, to call into use as occasion might require.

The principles involved in that case and this we think are similar, and we therefore hold that in order to entitle a party to a writ of error he must not only make application for the writ within one or two years, as the case may be, but must also, within that time, file a transcript of the record, and execute bond with security, or take the pauper's oath.

It follows that the motion to dismiss must be allowed.