BATTIER V. THE STATE.

*(Nashville.* December Term, 1904.)'

1. **BILL OF EXCEPTIONS.** **Every part must be authenticated by the trial judge.**
   In order to make extraneous matters a part of the record, they must be examined by the trial judge, and authenticated by his signature in such manner as to make their identity certain. Parts of a bill of exceptions may be in the form of exhibits to be inserted in their proper places, according to the directions given therein; but all of the bill of exceptions, whether in one or more documents, must be present and examined when it is signed by the judge, and the several papers to be copied must be so marked as exhibits that no mistake in their identity can be made, and it must not be left to the clerk, or other person, to determine what constitutes any part of the record.

   Cases cited and approved: Wynne et al. v. Edwards, 7 Humph., 419; Weakley v. Pearce, 5 Heisk., 415; Jones v. Stockton, 6 Lea, 134; Nance v. Chesney, 101 Tenn., 471.

2. **SAME.** **Same. Parts not thus authenticated will be stricken out by supreme court.**
   When extrinsic matters, which can only be made part of the record by bill of exceptions, appear in the transcript without proper authentication, they cannot be considered by the supreme court, but will be stricken out when called to its attention.

   See cases cited under headnote 1.

---

FROM DAVIDSON.

---

Appeal in error from the Criminal Court of Davidson County.—W. M. HART, Judge.

HARRY S. STOKES, for Battier.

ATTORNEY-GENERAL CATES, for the State.

MR. JUSTICE SHIELDS delivered the opinion of the Court.

This case is before us upon a motion of the attorney-general, predicated upon a certified copy of the bill of exceptions as it was when filed in the criminal court of Davidson county, to strike from the transcript certain portions thereof purporting to be the proceedings in that court had upon an application for a continuance of the case, the evidence introduced upon the trial, and the charge of the court, because not properly a part of the bill of exceptions tendered by the plaintiff in error, and signed by the trial judge and filed.

The bill of exceptions, called by the plaintiff in error a "skeleton bill of exceptions," when signed and filed was as follows:

"State of Tennessee vs. Paul Battier.

"Upon the case being called for trial defendant moved the court for a continuance on grounds afterwards embodied in affidavit with permission of the court. The State resisting said motion stated: (Here insert.) Thereupon counsel for defendant prepared and read said affidavit. (Here insert.) In response to said affidavit counsel for state said: (Here insert Trans. p. 91.) The court held the affidavit stating the grounds insufficient, and overruled said motion, and court said:

'Well, I reckon we are about as near ready now as we ever will be.'

"Upon the trial of this case the following evidence was submitted to the jury:

"(Here insert transcript of evidence.)

"This was all the evidence. · The court thereupon charged the jury as follows:

·"(Here insert the charge of the court.)

"Defendant made and argued before the court a motion for a new trial (here insert), which was by the court overruled.

"To the action of the court in overruling the said motion the defendant excepts; and prays an appeal at the next term of the supreme court at Nashville, which ·is by the court granted.

"The defendant tenders this, his bill of exceptions, to the judgment of the court overruling his motion for a new trial, which is signed and sealed, and ordered to be made a part of the record.

"W. M. HART, Judge."

What purports to be the affidavit offered by the plaintiff in error in support of his application for a continuance, the evidence introduced upon the trial in the criminal court, and the charge of the court, appear in the transcript in the places where, in the form set out, they are directed to be inserted; and the object of the motion is to have these portions of the transcript stricken out, because they do not appear from the bill of

exceptions to be in any manner identified and authenticated by the trial judge as parts of it.

This motion must be sustained. It is well settled that, in order to make extraneous matters a part of the record, they must be examined by the trial judge, and authenticated by his signature in such manner as to make their identity certain.

In the case of *Wynne et al.* v. *Edwards*, 7 Humph., 419, Judge Turley, speaking for the court said:

"But there is an unanswerable objection to a reversal of this judgment. There is no bill of exceptions by which the bond becomes a part of the record, and we cannot, therefore, notice it. There is an order upon the minutes by which it is directed that the bond and proceedings thereon be made a part of the record; but this will not do. Before extraneous matter can become part of the record, it must be examined and authenticated under the hand and seal of the judge. It is a high exercise of judicial power to make extraneous matters part of the record, and, if it be not exercised with great care, may be productive of great mischief. Therefore it is required that, if extraneous matter be in parol, it must be included in a bill of exceptions; if it be in writing, it must be either introduced into or appended to the bill of exceptions in such a manner as that the authentication of the judge will reach it. Upon what principle, then, can a judge make an order that deeds, bonds, notes, depositions, etc., shall become a part of the record, and leave it to the clerk to certify them and authenticate

them? It is his duty to do it himself. Much mischief might result from such a practice, and we cannot support it.

"If the bond and proceedings thereon had been spread upon the minutes, they necessarily having to be signed by the judge, the bond and proceedings would have been authenticated by him, and the clerk could not possibly make a mistake in sending them up."

The rule here announced has been frequently followed and approved by this court. *Weakley* v. *Pearce,* 5 Heisk., 415; *Jones* v. *Stockton,* 6 Lee, 133; *Nance* v. *Chesney,* 101 Tenn., 471, 47 S. W., 690.

This record presents a strong case for its application. It does not appear from the bill of exceptions that the evidence introduced or the charge of the court had even been reduced to writing. It does not appear that the affidavit and the papers containing the evidence and charge, if in writing, were presented as a part of the bill of exceptions, or present when it was signed. They are not in any way described so that they could be identified by the clerk in making the transcript, as the particular papers which were examined by the trial judge and directed to be copied into the bill of exceptions. They are in no way authenticated by the signature of the judge. Their identification is left to the clerk without any direction or guide to control him.

It is not necessary that a bill of exceptions be contained in one document. Parts of it may be in the form of exhibits to be inserted in the proper places, according

to the directions given therein; but all of the bill of exceptions, whether in one or more documents, must be present and examined when it is signed by the judge, and the several papers to be copied must be so marked as exhibits that no mistake in their identity can be made, and it must not be left to the clerk or other person to determine what constitutes any part of the record. The enforcement of this rule is absolutely necessary in order to secure a certain and accurate record of the proceedings of trial courts, and no relaxation of it can be allowed. When extrinsic matters, which can only be made part of the record by bill of exceptions, appear in the transcript without proper authentication, they cannot be considered by this court, but will be stricken out when called to its attention.

The motion of the State is sustained.

# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## WESTERN DIVISION.

---

## JACKSON, APRIL TERM, 1905.