NASHVILLE RAILWAY & LIGHT CO. *v.* FLORENCE MARLIN,
by Next Friend,

and

NASHVILLE RAILWAY & LIGHT CO. *v.* JOHN D. MARLIN.

(*Nashville.*   December Term, 1906.)

1. **BILL OF EXCEPTIONS.** Directing extrinsic matter without
description, identification, or authentication to be inserted
does not make such matter part of the record.

A skeleton bill of exceptions directing the evidence, depositions,
the charge of the court, special requests, grounds of motion
for new trial, and such like to be inserted, without any de-
scription, identification, or authentication by the trial judge,
does not make such extrinsic matter a part of the record.

Cases cited and approved:   Wynne v. Edwards, 7 Humph., 419;
Battier v. State, 114 Tenn., 563.

2. **SAME.** Same. All extrinsic documents must be authenticated
by the trial judge, and properly marked as exhibits.

Extraneous matter in parol must be included in the bill of ex-
ceptions, and extraneous matter in writing must either be in-
troduced into or appended to the bill of exceptions in such
manner as that the authentication of the judge will reach it,
or the written documents and instruments may be in the form
of exhibits to be inserted in their proper places, according to
the directions given therein; but all of the bill of exceptions,
whether in one or more documents, must be present and ex-
amined when it is signed by the trial judge, and the several
papers to be copied into it and made a part of the record must
be so marked as exhibits that no mistake in their identity can
be made, and it must not be left to the clerk or any other
person to determine what constitutes any part of the record,
for the trial judge alone can do this.

Railway & Light Co. v. Marlin.

Cases cited and approved: Wynne v. Edwards, 7 Humph., 419; Battier v. State, 114 Tenn., 563.

3. **SAME.** Same. Same. Extrinsic documents copied into transcript but not properly authenticated and identified will be stricken out by the supreme court, and not considered.

When extrinsic matters, which can only be made a part of the record by bill of exceptions, appear in the transcript without proper authentication, they cannot be considered by the supreme court, but will be stricken out upon motion when properly called to its attention.

Case cited and approved: Battier v. State, 114 Tenn., 563.

4. **SAME.** Same. Same. Same. Want of authentication and identification of extrinsic matter or documents shown by certified copy of original bill of exceptions.

The want of proper authentication and identification of extrinsic matter or documents appearing in the transcript may be shown by a certified copy of the original bill of exceptions as it is on file in the lower court accompanying and filed with the motion to strike out such extraneous matter or documents.

Case cited and approved: Battier v. State, 114 Tenn., 563.

5. **SAME.** Affidavits of counsel are not permissible to determine what constitutes part of record.

Affidavits of counsel cannot be permitted to determine what constitutes the record or any part thereof, nor as explanatory of conditions existent in the court below.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson County.—J. A. CARTWRIGHT, Judge.

R. F. JACKSON, for plaintiff in error.

H. S. STOKES and JOSEPH W. BYRNS, for defendant in error.

---

*MR. SPECIAL JUSTICE SANSOM delivered the opinion of the Court.

These cases are before the court upon the following motion made by defendants in error:

"Come the defendants in error, by their attorneys, and show herewith to the court a certified copy of the bill of exceptions as the same was filed in this case in the circuit court of Davidson county, and thereon move the court to strike from the record:

"(1) That portion of the transcript beginning on page 49 and ending on page 532, purporting to be the evidence adduced on the former trial, because the same was not properly made a part of the record by the said bill of exceptions, in that it is not sufficiently identified therein.

"(2) That part of the transcript beginning on page 533 and ending on page 542, and purporting to be the charge of the court, because it is not properly made a part of the record by said bill of exceptions, in that it is not sufficiently identified therein.

"(3) That portion of the transcript beginning on page 543 and ending on page 548, purporting to be special request offered by the defendant, because the same is not properly made a part of the record by said

---

*Hon. R. H. Sansom, of Knoxville, was commissioned by the governor to sit during the disability of Mr. Justice Shields.

bill of exceptions, in that it is not sufficiently identified therein.

"A certified copy of said bill of exceptions, as it is on file in the lower court, is here to the court shown, and is attached hereto and filed herewith as Exhibit A to this motion.

"Whereas, and for the reasons aforesaid, the defendants in error pray that the transcript as filed in this court may be purged in the parts hereinbefore specified."

Accompanying this motion is a certified copy of the original bill of exceptions as it is on file in the lower court, and which is as follows:

"BILL OF EXCEPTIONS.

"On the trial of these causes the following evidence was submitted to the jury:

"Witnesses for plaintiffs:  (Here insert plaintiffs' evidence.)

"The plaintiffs read the deposition of Mrs. Owen. (Here insert Mrs. Owen's deposition.)

"The plaintiffs here closed their proof in chief and the defendants introduced the following evidence: (Here insert defendants' evidence.)

"The plaintiffs then introduced the following rebuttal evidence:  (Here insert plaintiffs' rebuttal evidence.)

"This was all the evidence in these cases.

"The court charged the jury as follows:  (Here insert the charge of the court.)

"After the court had finished delivering the general charge to the jury, and before they had retired from

the jury box to consider of their verdict, the defendant offered the following special requests, which were refused: (Here insert special requests of defendant.)

"The defendant moved the court for a new trial upon the following grounds: (Here insert grounds of motion.)

"There is a rule of the circuit court of Davidson county in regard to motions for new trial, which is in words and figures as follows: (Here insert said rule.)

"The defendant tenders this, its bill of exceptions to the judgment of the court overruling its motion for a new trial, which is signed and sealed and ordered to be made a part of the record.

"This 18th day of May, 1906.

"J. A. CARTWRIGHT, Judge."

This motion will have to be sustained. This certified copy of the bill of exceptions brings the case clearly within the rule announced by this court at its December term, 1904, in the case of *Battier* v. *State,* 114 Tenn., 563, 86 S. W., 711. In that case this court said:

"It does not appear from the bill of exceptions that the evidence introduced or the charge of the court had even been reduced to writing. It does not appear that the affidavit and the papers containing the evidence and charge, if in writing, were presented as a part of the bill of exceptions or were present when it was signed. They are not in any way described, so that they could be identified by the clerk in making the transcript, as the particular papers which were examined by the trial

judge and directed to be copied into the bill of excep-
tions.   They are in no way authenticated by the signa-
ture of the judge.   Their identification is left to the
clerk, without any direction or guide to control him."

And this must be said and is true of the bill of ex-
ceptions in the present case.   The certified copy which
accompanies this motion shows it to be a skeleton bill,
just as it was in the *Battier Case,* and there is no further
identification of the matters inserted in the present bill
of exceptions than in the *Battier Case.*   It is further
said in that case:

"It is not necessary that a bill of exceptions be con-
tained in one document.   Parts of it may be in the form
of exhibits, to be inserted in the proper places, according
to directions given therein; but all of the bill of excep-
tions, whether in one or more documents, must be pres-
ent and examined when it is signed by the judge, and the
several papers to be copied must be so marked as ex-
hibits that no mistake in their identity can be made,
and it must not be left to the clerk or other person to
determine what constitutes any part of the record.   The
enforcement of this rule is absolutely necessary in order
to secure a certain and accurate record of the proceed-
ings of trial courts, and no relaxation of it can be
allowed.   When extrinsic matters, which can only be
made part of the record by bill of exceptions, appear in
the transcript without proper authentication, they can-
not be considered by this court, but will be stricken out
when called to its attention."

Railway & Light Co. v. Marlin.

The clear holding is that it must not be left to the clerk or other person than the trial judge to determine what constitutes any part of the record. The signing of the bill of exceptions—identification of each part thereof—is a judicial act upon his part, which cannot be delegated to or conferred upon any other than himself. This was clearly held in a former case upon this subject; the language used by the court being:

"Before extraneous matter can become part of the record, it must be examined and authenticated under the hand and seal of the judge. It is a high exercise of judicial power to make extraneous matters part of the record, and, if it be not exercised with great care, may be productive of great mischief. Therefore it is required that, if the extraneous matter be in parol, it must be included in a bill of exceptions. If it be in writing, it must either be introduced into or appended to the bill of exceptions in such manner as that the authentication of the judge will reach it. Upon what principle, then, can a judge make an order that deeds, bonds, notes, depositions, etc., shall become a part of the record, and leave it to the clerk to certify them and authenticate them? It is his duty to do it himself. Much mischief might result from such practice, and we cannot support it." *Wynne* v. *Edwards*, 7 Humph., 419.

It is sought to take the present cases without the rule by the effort at introduction into the record of the affidavit of counsel of the plaintiff in error in explanation of conditions existent, and counter affidavit of coun-

sel for defendant in error.  This sort of practice cannot be tolerated or allowed.  It would, in its operation, involve the court in inextricable difficulty, and result in the accumulation in this court of new and additional record to that made in the court below, upon which alone the rights of parties must be determined.

If the clerk of the court, below cannot be permitted to determine what shall constitute any part of the record, and he cannot, as has been expressly held, then neither can counsel, by affidavit or otherwise, be so permitted.  The authentication of all matters going to make up and constitute the record must be by the trial judge, and by him in the exercise and discharge of his judicial functions; and no one else can perform that service for him, nor can he delegate it to any one else.  Neither the affidavits of counsel, nor papers purporting to be the original of those inserted in the bill of exceptions, can be, or have been, looked to or considered by the court.

Motion to strike out is sustained, and the judgment of the lower court affirmed, with costs.