FINE *et al. v.* STATE.

*(Knoxville,* September Term, 1945.)

Opinion filed December 1, 1945.

Rehearing denied December 1, 1945.

118

W. H. Norvell and Raulston Schoolfield, both of Chattanooga, for plaintiff in error.

Nat Tipton, Asst. Atty. Gen. for the State.

Mr. Chief Justice Green delivered the opinion of the Court.

The defendants were convicted of keeping a gambling house, each fined $500, and given a jail sentence of six months. They have appealed in error to this Court.

The greater part of the record is devoted to a controversy with reference to the admissibility of evidence procured under a search warrant. Acting under a search warrant, which the defendants assail, the sheriff of Hamilton County entered a room in a warehouse where the defendant J. M. Fine, or Jake Fine, had stored a large quantity of gambling equipment, numbers tickets, tickets in the nature of lottery tickets based on the scores in baseball games, and other gambling paraphernalia. The boxes in which this gambling paraphernalia was packed appear to have been marked with Jake Fine's name and the address following was that of the gambling house which defendants were charged with operating.

We are prevented from considering the validity of the search and the admissibility of the evidence secured thereunder because the search warrant is not included in the bill of exceptions.

A search warrant is ordinarily introduced to justify the admission of evidence secured thereunder. Objections to the search warrant go to the admissibility of the evidence and the search warrant indeed is a part of the evidence without which the remainder might be inadmissible. An objection to a search warrant in this connection is but an objection to evidence and we cannot reverse the ruling of the trial judge on evidence unless that evidence is properly preserved in a bill of exceptions. We have frequently so held.

In this case a paper purporting to be the search warrant appears in the transcript. Not being included in the bill of exceptions, it cannot be looked to since it is not authenticated by the signature of the trial judge.

*Battier* v. *State,* 114 Tenn. 563, 86 S. W. 711; *Nashville R. & Lt. Co.* v. *Marlin,* 117 Tenn. 698, 99 S. W. 367. It is insisted that by reason of Section 11912 of the Code, which requires the magistrate issuing the search warrant to return it together with the affidavits and return "to the court having power to inquire into the offense" the search warrant became a part of the technical record herein. This is a mistake. The search warrant is a pleading in another case, the search warrant case. It was nothing but evidence offered in the criminal case, not a part of the pleadings in the criminal case. It is merely a paper filed in another case brought into the criminal prosecution as evidence.

The assignments with reference to the admissibility of evidence obtained under the search warrant must accordingly be overruled.

The facts of the case and other assignments of error are considered in a memorandum opinion heretofore filed. This discussion involves nothing of particular interest and is not included in the published opinion.

Affirmed.

### On Petition to Rehear.

 It is urged that the Court erroneously ruled that the search warrant sent up was not a part of the record because of an order of the trial judge directing that the search warrant introduced on the hearing below be made a part of the record. Such action on the part of the court below makes no difference since the paper there introduced was not included in the bill of exceptions nor otherwise identified by the trial judge. It was so held many years ago in *Wynne* v. *Edwards,* 26 Tenn. 418. In that case, referring to a bond sent up with the transcript, the Court said (26 Tenn. at page 419) :

"There is an order upon the minutes by which it is directed that the bond and proceedings thereon be made a part of the record but this will not do; before extraneous matter can become part of the record, it must be examined and authenticated under the hand and seal of the judge; it is a high exercise of judicial power to make extraneous matters part of the record, and if it be not exercised with great care may be productive of much mischief."

This rule has prevailed for about a hundred years. If not included in the bill of exceptions, extraneous matter must be authenticated by the judge before it can be considered in this Court. We are aware of no departure from this practice.

In *Battier* v. *State,* 114 Tenn. 563, 86 S. W. 711, and *Nashville R. & Lt. Co.* v. *Martin,* 117 Tenn. 698, 99 S. W. 367, the bill of exceptions showed a direction by the trial judge that certain papers be included therein but their identification was left to the clerk of the lower court. They were not authenticated by the trial judge and were not considered here.

The defendants refer to the statutes for the correction of clerical errors and insist that they are applicable here in order to make the search warrant introduced below a part of the record. This cannot be done, for one reason, because the time for settling the bill of exceptions by the lower courts is fixed by statute and that time has long since expired in this case.

Defendants also rely on the constitutional provisions, State and Federal, against unreasonable searches. Searches, however, are not unreasonable when made under a valid search warrant. The search warrant introduced below was held valid by the trial judge and, the search warrant not being before us, we cannot say that

it was invalid and that it did not fully authorize the search made. If the objections taken to the paper in the transcript purporting to be a search warrant were deemed good, nevertheless we have no means of knowing that these particular papers were the papers introduced in the trial court.

Petition to rehear must be denied.