HAMILTON *et al. v.* WOLFE *et al.*

(*Knoxville,* September Term, 1951.)

Opinion filed July 11, 1952.

ROY C. NELSON, of Elizabethton, and HAL H. CARR, of Blountville, for petitioners.

STACY J. GRAYSON, of Bristol, for respondents.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

An automobile traffic accident resulted in a substantial jury verdict and judgment for respondents against petitioners. An appeal to the Court of Appeals was prayed and granted. Forty-five days were allowed within which to file bill of exceptions. It is conceded that this bill of exceptions was not filed within that time.

Petitioners subsequently filed in the Court of Appeals the record for writ of error. The bill of exceptions was included on the assumption that it was a part of the record.

On motion of respondents, the Court of Appeals struck the bill of exceptions from the record on the theory that this instrument was not a part of that record. It then affirmed the judgment of the lower Court because there

were no errors apparent on the face of the record with the bill of exceptions eliminated. All assignments of error were directed to matters embraced within the bill of exceptions to which the Court was not privileged to look unless that bill of exceptions be a part of the record.

It is the insistence of petitioners that "the bill of exceptions may be filed when the writ of error is granted even though the time for filing would have been late as to an appeal". They say that unless this insistence is sound, then the right to file the record for writ of error is destroyed in that "the additional time for filing writ of error is of no practical aid."

The office of a writ of error "is to require the inferior Court to send up to the Appellate Court a transcript of the record that errors therein may be corrected". *Cain* v. *Cocke,* 69 Tenn. 288, 289. Of course, anything which is not a part of the record in the inferior court cannot be included.

Therefore, the determinative question here is whether the bill of exceptions not filed within the time allowed by the order of the trial court, though filed later, is a part of the record in the trial court. If it is not then it cannot be included in the record sent up.

One reason a limit is fixed upon the time within which a bill of exceptions may be made up and filed is "that with the lapse of time the impression made on the memory of the judge becomes more faint, and his recollection less reliable as to the evidence deposed to and the incidents of the trial, and it is the dictate of prudence as well as the policy of the law that these matters shall be written down and submitted to him while they are still safely within his grasp." *Dunn* v. *State,* 127 Tenn. 267, 273, 154 S. W. 969, 970. Thus, it is clear that no distinc-

tion may be made, or was intended, between a writ of error and an appeal in the nature of a writ of error with reference to the time within which a bill of exceptions must be filed so as to become a part of the record of the trial court.

A bill of exceptions which is not filed in the trial court within the time allowed by the order of the trial judge is not a part of the record in the trial court. In *Nashville & Light Co.* v. *Trawick*, 118 Tenn. 273, 275, 99 S. W. 695, 10 L. R. A., N. S., 191 numerous errors going to the merits and based upon the bill of exceptions were assigned, just as in the case at bar. The Court held that these assignments of error ''cannot be considered, inasmuch as the bill of exceptions is not properly a part of the record, having been filed after the time allowed by order of the trial judge when the final judgment was rendered''.

Under all the decisions, a bill of exceptions does not become a part of the record of the trial court unless filed within the time allowed by the order of the trial judge. Since this bill of exceptions was not filed within that time, there is no escape from the conclusion that it was not a part of the record to be sent up in proceedings for writ of error. So, the Court of Appeals could not do otherwise than to sustain the motion to strike the bill of exceptions.

The writ will be denied.