CARRIE ROWAN, Executrix of the Estate of
Ida Rowan Porter, Deceased

*v.*

ELISHA INMAN et al.

(*Knoxville*, September Term (May Session), 1959.)

Opinion filed September 9, 1960.

HARRY T. BURN, Rockwood, for appellant.

WALLACE D. HITCH, Athens, for appellees.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

In the case at hand the relief sought by the executrix of the Ida Rowan Porter Estate is from a judgment of the County Court of McMinn County. By an amendment

to the bill she particularly seeks this relief through the instrumentality of the writ of error coram nobis, sec. 27-702 T.C.A. This relief is sought—not in the County Court of McMinn County where that judgment was rendered—but in the Chancery Court of that County.

■■ The writ of error coram nobis contemplates relief from the results of a given judgment only by proceedings in the particular court in which there was rendered judgment. *Jones v. Pearce,* 59 Tenn. 281, 286. This Court, therefore, agrees with the Chancellor's decree that his Court is without authority to grant the relief sought in so far as the granting of that relief is dependent upon the writ of error coram nobis.

This suit, therefore, is reduced to the question of whether the bill, as amended, states a case within the jurisdiction of the Chancery Court independent of the writ of error coram nobis. The Chancellor did not think so. From his decree so adjudging, and dismissing her bill, the executrix is prosecuting this appeal.

Elisha and Cora Inman, appellees herein, filed in the County Court where this estate is being administered their respective claims against that estate, sec. 30-510 T.C.A. The executrix filed exceptions to each of these claims. The County Judge sustained the motion of the claimants to strike these exceptions because they were not filed within the proper time. It is from this judgment that the executrix seeks relief by this bill in chancery, wherein she prays that Elisha and Cora Inman each be enjoined from further prosecuting their claims against the estate of the testatrix in ''any court other than the Chancery Court for McMinn County''.

The bill alleges that when the executrix or her attorney learned that these claims had been filed they procured a copy of each. That, thereupon, the attorney for the claimants initiated negotiations for a compromise; that the executrix and her attorney were assured that if no compromise resulted from "a diligent and thorough investigation as to the true facts * * * that the rights of neither party would be prejudiced"; that the executrix was misled thereby, and, as a result, did not file her exceptions within the time otherwise required by the statute; that a time was fixed for the taking of proof as to the merits of the claims, but, to the surprise of the executrix and her attorney, when that time arrived the claimants filed this motion to strike the exceptions because not filed in time.

The conclusion of the bill is that the above alleged facts amount in equity to a fraud and inequitably prevented the executrix from interposing the good defense that she says she has to these claims. The bill further states that this defense "can better be shown in a court of equity and can * * * receive substantial relief not obtainable in a court of law"; "that the complications incident to the cause are too confusing or perplexing for investigation and solution by a jury". There is no statement as to what these confusions or perplexities are, nor what is the substantial relief which Chancery can, but the County Court cannot, grant.

The case was brought to issue by (1) the Inmans' plea in abatement to the bill on the ground that the Chancery Court is without jurisdiction, and (2) the executrix setting the plea in abatement down for argument by a written pleading wherein she avers that the plea in abatement

"presents no ground for abating the suit". As afore-stated, the Chancellor sustained this plea in abatement.

Nothing appears on the face of the bill which indicates that either the claimants or the executrix demanded a jury. It does disclose that a hearing of some character was had in the County Court. It complains that the judgment of that Court following such hearing "was predicated on a misunderstanding which constituted a mistake". The alleged mistake was "that the fixing of a time for trial on the merits did not preclude the motion to dismiss the exceptions filed by the personal representative at the time the case was set for hearing", and that the County Court erred in adjudging to the contrary.

There is nothing in the record to which this Court may look for the purpose of ascertaining what evidence, if any, was submitted at this hearing in the County Court, or upon what ground that Court predicated its aforesaid judgment at the conclusion of that hearing.

In this connection, there is physically in the transcript a statement over the signature of the attorney for the claimants reciting that eight exhibits from the files in the County Court Clerk's office are filed in this Chancery case. One of these is listed as being "copy of proof in the County Court", and another as being the judgment of that Court. Then physically in the transcript are seven papers entitled exhibits. There is no notation on any of these papers by the Clerk and Master that they were filed in his office. Therefore, this Court may not look to these papers for any purpose, assuming that they otherwise could be looked to in ascertaining whether the Chancellor properly sustained the plea in abatement to the

bill. *Fine v. State,* 183 Tenn. 117, 191 S.W.2d 173, and *Hamilton v. Wolfe,* 194 Tenn. 428, 250 S.W.2d 910.

So, in determining whether the Chancellor erred in holding that his Court was without jurisdiction (viewing it in the light most favorable to the executrix) this Court is limited to the allegation in the bill which charges that the Probate Judge erroneously held "that the fixing of a time for trial on the merits did not preclude the motion to dismiss the exceptions filed by the personal representative at the time the case was set for hearing" on the ground that these claims were not filed within the required time.

Section 30-518, T.C.A. provides that "the county or probate court, as the case may be, shall hear and determine *all* issues arising upon *all*" exceptions to claims filed against the estate and that an appeal from the judgment entered thereon "may be perfected * * * to the Court of Appeals or the Supreme Court, as the case may be". (Emphasis added.)

Original jurisdiction, therefore, was vested by this statute in the County Court, acting in this probate matter, to determine whether, or not, the motion to strike the exceptions to the claims was a well taken motion. The only method, then, of obtaining a hearing in another Court of the question was by an appeal from the judgment of the County Court. Such appeal, by the affirmative provision of Section 30-518, T.C.A., must be directed to the Court of Appeals or Supreme Court, dependent upon how the matter was heard and determined in the County Court.

For the reason stated, the Chancery Court was without jurisdiction to determine the question stated in the bill. His decree sustaining the plea to the jurisdiction and dismissing the bill is affirmed with costs assessed against the estate of testatrix.