Mary Harmon et al.

*v.*

Estella Carr McKay Bryant et al.

385 S.W.2d 95.

(*Nashville,* December Term, 1964.)

Opinion filed December 11, 1964.

John A. Chumbley, Manchester, for petitioners.

Charles F. Hickerson, Tullahoma, for respondents.

Mr. Justice Felts delivered the opinion of the Court.

This is a petition by Mary Harmon and Phoebe Mc-Kay for a writ of error *coram nobis* to remove to this Court for review an adverse decree of the Court of Appeals (opinion by Judge Chattin). That decree was entered February 28, 1964, and this petition was presented more than ninety (90) days later, or on September 11, 1964.

The grounds for relief alleged in the petition were that counsel for petitioners was out of the United States at the time of the entry of the decree in the Court of Appeals, and had arranged with another attorney, in event of an adverse decree, to bring the case for review to this Court; that said attorney failed to do that; that when counsel for petitioners returned to the United States, the time for filing a petition for certiorari had expired; and that the Court of Appeals decree is unjust and erroneous in the particulars set out.

Under our statutes (T.C.A. secs. 27-701—27-708) any person aggrieved by "the judgment of the county, circuit, chancery or special court, by reason of a material error in fact, may reverse the same upon writ of error *coram nobis*." The office of this writ is to enable such court to correct its own decree. It cannot be used as a substitute for an appeal or writ of error to take such judgment to a higher court for review.

"The writ of error coram nobis contemplates relief from the results of a given judgment only by proceedings in the particular court in which there was rendered that judgment. *Jones v. Pearce,* 59 Tenn. 281, 286." *Rowan v. Inman,* 207 Tenn. 144, 146, 338 S.W.2d 578, 579.

■ Moreover, the only method of removing a judgment or decree of the Court of Appeals to the Supreme Court for review is by the writ of certiorari (T.C.A. sec. 27-819). This statute provides for such review by certiorari and that *"there shall be no other method of review"* (italics ours).

■ The statute (T.C.A. sec. 27-820) provides that the petition for certiorari shall be filed in the Supreme Court within 45 days after the entry of the decree in the Court of Appeals; but that the Supreme Court, or any Judge thereof, may extend the time for filing such petition for an additional period not to exceed ninety (90) days from the entry of the decree of the Court of Appeals. Unless a petition for certiorari is duly filed within time, the Supreme Court *does not acquire jurisdiction of the case. Depew v. King's, Inc.,* 197 Tenn. 569, 571, 276 S.W.2d 728.

The petition for the writ of error *coram nobis* is dismissed at the petitioner's cost.