## Hazel I. DAVIS

v.

## Peggy SADLER and Joe Hollingsworth.

Supreme Court of Tennessee.

Feb. 23, 1981.

J. Michael Lain, Buxton, Lain & Buxton, Oak Ridge, for appellant.

Ann Mostoller, Mostoller & Stulberg, Oak Ridge, for appellee.

## OPINION

COOPER, Justice.

The application for permission to appeal was granted in this case to consider a holding of the Court of Appeals that it cannot review a transcript of evidence filed more than 90 days after the notice of appeal is filed in the trial court.

Rule 24(b) of the Tennessee Rules of Appellate Procedure provides, in part, that:

The transcript [of evidence], certified by the appellant, his counsel or the court reporter as an accurate account of the proceedings, shall be filed with the clerk of the trial court within 90 days after filing the notice of appeal. Upon filing the transcript, the appellant shall simultaneously serve notice of the filing on the appellee. Proof of service shall be filed with the clerk of the trial court with the filing of the transcript. If no objection is made by the appellee within 15 days after service of the filing of the transcript, the transcript as filed shall be included by the clerk of the trial court in the record on appeal.

Appellant complied with the provisions of Rule 24(b), except that the transcript was filed 94 days after the filing of the notice of appeal.

There is no question but that prior to the effective date of the Tennessee Rules of Appellate Procedure, a transcript of evidence, or bill of exceptions as it was then called, could not be considered by an appellate court for any purpose, it it were filed after the expiration of time allowed by statute and by order of the court. *See Hamilton v. Wolfe*, 194 Tenn. 428, 250 S.W.2d 910 (1952). This is not the case now that the Rules of Appellate Procedure are in effect. *See* Rules 1, 2, 24(b), and 26(b).

The purpose of the Rules of Appellate Procedure is "to secure the just, speedy, and inexpensive determination of every proceeding *on its merits.*" Rule 1. (emphasis supplied). To this end, the rules expressly provide that an appellate court, in its discretion, may suspend the requirements or provisions of any of the rules, except those governing the time for taking an appeal as of right (Rule 4), applying for permission to appeal from an intermediate appellate court to the Supreme Court (Rule 11), and for petitioning for review in cases in which the Court of Appeals directly reviews orders of an administrative agency (Rule 12). *See* Rule 2 of the Tennessee Rules of Appellate Procedure.

The time limit on the filing of a transcript set forth in Rule 24(b) is not within the exceptions to the grant of authority to an appellate court to suspend requirements of the Rules of Appellate Procedure. Even more striking is the fact that in Rule 26(b) there is an express grant of authority to an appellate court to order the filing of a late transcript on its own motion or in lieu of granting an appellee's motion to dismiss. This grant of authority is in keeping with the ultimate purpose of the rules, which is to ensure a determination of the case on its merits—a purpose which often cannot be accomplished without consideration of the evidence set forth in the transcript.

In keeping with the purpose of the Rules of Appellate Procedure, we are of the opinion an appellate court should permit the late filing of a transcript in all cases where there has been a good faith attempt on the part of the appellant to file the transcript within the time limit set forth in Rule 24(b) and the appellee is not prejudiced by the delay in filing.

The judgment of the Court of Appeals is reversed. The case is remanded to that court for entry of an order allowing the late filing of the transcript and for consideration of all issues on appeal. Costs incident to the appeal are adjudged against the appellant, Peggy Sadler, and her surety.

BROCK, C. J., and FONES, HARBISON and DROWOTA, JJ., concur.