Carolyn BUSH and Harvey Bush, Appellees,

v.

Jere T. BRADSHAW, Administrator of the Estate of Anthony Myers, Deceased, Appellant.

Supreme Court of Tennessee.

May 4, 1981.

**158**

Ralph I. Lawson, Lawson & Riley, Dyersburg, for appellees.

Richard Glassman, Glassman & Jeter, Memphis, for appellant.

## OPINION

COOPER, Justice.

Jere T. Bradshaw, Administrator of the Estate of Anthony Myers, deceased, appealed from an adverse judgment entered in the Law and Equity Court of Dyer County on November 21, 1979. The notice of appeal was timely filed, but counsel then representing appellant failed to file an appeal bond.

Appellees moved in the trial court to have the appeal dismissed, citing the absence of the appeal bond. During the pendency of the motion, appellant filed the requisite bond. The trial court then overruled the motion to dismiss the appeal.

Subsequently, on motion of appellees, the Court of Appeals dismissed the appeal "because of the appellant's failure to file his appeal bond within the time allowed by T.C.A. § 27–312." In doing so, the Court of Appeals erred.

The notice of appeal was filed after the effective date of the Tennessee Rules of Appellate Procedure. These Rules govern procedure before all appellate courts and statutes, such as T.C.A. § 27–312, in conflict with the rules have no force and effect. See Rule 1, Tennessee Rules of Appellate Procedure and T.C.A. § 16–3–406.

Rule 6 of the Tennessee Rules of Appellate Procedure provides that "a bond for costs on appeal shall be filed by the appellant in the trial court with the notice of appeal." However, as noted in the advisory commission comment on the rule, the failure to file security for costs contemporaneously with the notice of appeal is not in and of itself fatal to the validity of the appeal, and the failure to file security may be remedied on motion of appellee. This comment is in keeping with the announced purpose of the Rules of Appellate Procedure "to secure the just, speedy, and inexpensive determination of every proceeding *on its merits.*" Rule 1 (emphasis supplied). To accomplish this purpose, the rules provide that an appellate court may suspend the time requirement for the filing of an appeal bond set forth in Rule 6. *See* Rule 2 of the Tennessee Rules of Appellate Procedure. *See also Davis v. Sadler, et al.,* 612 S.W.2d 160 (Tenn.1981). We are of the opinion an appellate court should waive the time requirement for the filing of an appeal bond in all cases where the appellant files the requisite bond on motion of appellee or on order of the court, as did appellant in this case.

The judgment of the Court of Appeals is reversed. The case is remanded to that court for consideration of all issues on appeal. Costs incident to the appeal are adjudged against the appellees, Carolyn Bush and Harvey Bush.

HARBISON, C. J., and FONES, BROCK and DROWOTA, JJ., concur.