IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Submitted on Briefs May 19, 2003

## JAMES DARRELL SMITH v. PATRICIA A. CALDWELL and GREGORY A. CALDWELL, and ERIC PARKER

**Direct Appeal from the Circuit Court for Montgomery County**
**No. 50000510      Hon. Ross H. Hicks, Circuit Judge**

---

**No. M2002-02509-COA-R3-CV - Filed July 14, 2003**

---

In this action to enforce foreign judgment, defendant attempted to appeal the actions of the Trial Court. We dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Eric Parker, Clarksville, Tennessee, *pro se.*

Albert P. Marks and Roger A. Maness, Clarksville, Tennessee, for Appellee.

### OPINION

This appeal filed by defendant Eric Parker requests the Court to review his case pursuant to Tenn. Code Ann. § 27-7-101, Writ of Error Coram Nobis.

No transcript or Statement of Evidence has been filed, and the record before us shows that a default judgment against the defendant was entered in Alabama and domesticated Montgomery County, Tennessee. Defendant Parker, acting *pro se* and on behalf of the Caldwells, requested relief in Montgomery County, Tennessee, to have the Alabama default set aside. That Motion was dismissed, but the Montgomery County Court held in abeyance a Motion to Stay Execution in Tennessee on the Judgment pending the outcome of the attempts to set aside the Alabama defaults. The Alabama Court

denied defendants' motions to set aside the default, and then the Trial Court denied the Motion to Stay Execution on July 31, 2002.

Defendant Parker filed a "Motion to Satisfy Judgment" on his own and the Caldwells' behalf on August 16, 2002, which sought an adjudication that the judgment had been satisfied and plaintiff was entitled to no further relief. That motion was denied on October 2, 2002, and a Notice of Appeal was filed on October 8, 2002.

Parker is not a licensed attorney and his actions on behalf of the Caldwells constitutes the unauthorized practice of law pursuant to Tenn. Code Ann. § 23-3-101 and 103. This Court considers briefs of *pro se* parties only, not on behalf of other unrepresented parties. *B & G Const., Inc. v. Polk,* 37 S.W.3d 462, 464 (Tenn. Ct. App. 2000). Accordingly, the Caldwells are not properly before this Court as appellants.

Parker's brief does not comply with the requirements for appellate briefs. There is no statement of facts, citation to the record or the citation of relevant legal authority. *See* Tenn. R. App. P. 27(a), Court of Appeals Rule 6. *Pro se* litigants are entitled to fair and equal treatment before the court, but they are not excused from and must comply with the same applicable procedural and substantive law as are represented parties. *Irvin v. City of Clarksville,* 797 S.W.2d 649, 652 (Tenn. Ct. App. 1988).

Parker has presented no justiciable issue to this Court. Relief under a Writ of Coram Nobis is not available in the appellate courts. This appeal is from a final judgment of the Circuit Court of Montgomery County, Tennessee. The writ confers jurisdiction upon County, Chancery and Circuit Courts to review and reverse their own judgments upon sufficient grounds. *Lamb v. Sneed*, 63 Tenn. 349 (1874). The writ may not be used as substitute for an appeal or a writ of error to take such judgment to a higher court for review. *Harm v. Bryant*, 385 S.W.2d 95, 96 (Tenn. 1964). Moreover, the errors justiciable by the writ are specified in Tenn. Code Ann. § 27-7-102 but are not mentioned in the record.

For the foregoing reasons we dismiss this appeal and the cost is assessed to Eric Parker.

_____
HERSCHEL PICKENS FRANKS, J.