# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. JAWAD K. SALMAN

**Direct Appeal from the Circuit Court of Dickson County**
**No. 2009-CR-308      Robert E. Burch, Judge**

---

**No. M2010-02337-CCA-R3-CD - Filed March 29, 2012**

---

Jawad Salman ("the Petitioner") filed a motion to withdraw his guilty plea for conspiracy to manufacture less than one hundred plants of marijuana, a D felony. The trial court denied the motion, and final judgment was entered. The Petitioner timely appealed, asserting that his guilty plea was void because of the failure to reduce the Petitioner's guilty plea to a signed writing and that the trial court erred by not allowing the Petitioner to withdraw his guilty plea. We affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JEFFREY S. BIVINS, J., delivered the opinion of the Court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Michael B. Schwegler, Nashville, Tennessee, for the appellant, Jawad K. Salman.

Robert E. Cooper, Jr., Attorney General & Reporter; Mark A. Fulks, Senior Counsel; Dan M. Alsobrooks, District Attorney General; Sarah Wojnarowski, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner entered an open plea on December 9, 2009, to conspiracy to manufacture under one hundred plants of marijuana. On March 11, 2010, the Petitioner filed a motion to withdraw his guilty plea. On April 28, 2010, the Petitioner filed a second motion to withdraw his guilty plea. Following a hearing, the trial court denied both motions. The trial court conducted a sentencing hearing and sentenced the Petitioner to four years of incarceration to be served consecutively to his sentence for a community corrections violation out of Hickman County. The trial court entered a final judgment on October 7,

2010. The Petitioner timely appealed, arguing that the failure to reduce the Defendant's guilty plea to a signed writing rendered his guilty plea void and that "the trial court abuse[d] its discretion by misapplying the 'any fair and just reason' standard in determining that [the Defendant] was not entitled to withdraw his 'open' guilty plea." The State responded, moving this Court to dismiss the appeal or, in the alternative, affirm the trial court's judgment pursuant to Rule 20, Rules of Court of Criminal Appeals.[1] The State's reasoning was that the Petitioner failed to include in the record a transcript of the hearing on the motion to withdraw. In response, on February 27, 2012, the Petitioner filed a motion to supplement the record with a transcript of the hearing for the motion to withdraw his guilty plea.

This Court reviews a trial court's determination regarding a defendant's motion to withdraw a guilty plea under an abuse of discretion standard. State v. Phelps, 329 S.W.3d 436, 443 (Tenn. 2010). Thus, the trial court's decision will remain intact unless the reviewing court determines that the trial court abused its discretion. State v. Banks, 271 S.W.3d 90, 116 (Tenn. 2008). The only situations in which reviewing courts in Tennessee will find an abuse of discretion are "when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party." Id. (citing Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth., 249 S.W.3d 346, 358 (Tenn. 2008)). See also State v. Looper, 118 S.W.3d 386, 422 (Tenn. Crim. App. 2003).

However, in order to conduct a meaningful review, it is the defendant's responsibility to provide a record portraying "a fair, accurate and complete account of what transpired with respect to the issues forming the basis of appeal." State v. Ballard, 855 S.W.2d 557, 560 (Tenn. 1993). Furthermore, "[w]here the record is incomplete and does not contain a transcript of the proceedings relevant to an issue presented for review . . . , an appellate court is precluded from considering the issue." Id. at 560-61 (citing State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1988)). When a party seeks to incorporate into a record a transcript of proceedings from the lower court, the party must file the transcript "within 60

_____

[1] Rule 20 provides as follows:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
>     (1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and
>     (2) No error of law requiring a reversal of the judgment or action is apparent on the record.

Tenn. Ct. Crim. App. R. 20.

days after filing the notice of appeal." Tenn. R. App. P. 24(b). If the transcript cannot be filed timely, "it is the duty of the *appellant* to move this Court for the entry of an order permitting the appellant to file a delayed transcript." Id. (emphasis added).

The Defendant admits in his motion to supplement the record that the transcript of the hearing on the motion to withdraw his guilty plea is necessary in order for this Court to determine whether the trial court abused its discretion. Although the Defendant did not submit a motion to permit the late filing of a transcript, he now moves this Court to supplement the record. In his appellate brief, the Defendant noted that "[a]lthough the trial court ordered the preparation" of the transcripts for the hearing on the motion to withdraw the Defendant's guilty plea and the sentencing hearing, "no such transcript was ever delivered to the undersigned, and it does not appear in the Technical Record." The Tennessee Supreme Court has stated that a late filing of a transcript should be allowed "in all cases where there has been a good faith attempt on the part of the appellant to file the transcript within the time limit set forth in Rule 24(b) and the appellee is not prejudiced by the delay in filing." Davis v. Sadler, 612 S.W.2d 160, 161 (Tenn. 1981).

In the case before us, the trial court entered its final judgment on October 7, 2010. The Petitioner timely filed his notice of appeal on November 5, 2010. Clearly, there does not appear to have been a good faith effort on the part of the Petitioner to timely file the transcript within sixty days of the filing of the notice of appeal, which would have been January 4, 2011. Thus, his motion to supplement the record, dated February 27, 2012, comes well over a year after he should have timely filed the transcript or sought to file a motion with this Court for a late filing. Although the Petitioner asserts that he never received the transcript that was to be prepared by order of the trial court, he also fails to show that he sought to enforce the order of the trial court within the sixty-day time frame. Therefore, we deny the Petitioner's motion to supplement the record.

Moreover, without the transcript from the hearing on the motion to withdraw, "this court must presume that the trial court's rulings were supported by sufficient evidence." State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). Thus, without the essential transcript before this Court, we cannot determine whether the trial court abused its discretion. Accordingly, we affirm the trial court's denial of the Petitioner's motion to withdraw pursuant to Rule 20, Rules of Court of Criminal Appeals.

_____
JEFFREY S. BIVINS, JUDGE