Rose *v.* Brown *et al.*

(*Knoxville*, September Term, 1940.)

Opinion filed October 5, 1940.

R. H. WARD, of Kingston, for complainant.

TINDALL & TINDALL, of Kingston, for defendant.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Upon the cross-bill of the Miller Motor Company, the chancellor set aside a conveyance of a tract of land which

J. O. Brown fraudulently conveyed to his wife, Ollie Brown. Mr. and Mrs. Brown prosecuted an appeal to the Court of Appeals. That court affirmed the decree of the chancellor without considering the cause upon its merits for the reason that it affirmatively appeared in the bill of exceptions that it did not contain all the evidence.

The final decree recites that the cause was heard upon the pleadings and "stipulation of facts, depositions on file, and oral testimony of witnesses examined in open court, and the entire record at large."

The cause was not heard in compliance with Chapter 119, Public Acts of 1917, Code, section 10564, but was tried irregularly, so that a motion for a new trial was necessary. *Fonville* v. *Gregory,* 162 Tenn., 294, 302, 36 S. W. (2d), 900. But no such motion was made, and such omission was made the predicate of a motion in the Court of Appeals to dismiss the appeal. Without passing upon that motion, the Court of Appeals affirmed the decree of the chancellor for the reason heretofore stated. The Miller Motor Company did not file a petition for writ of *certiorari,* so that we cannot reverse the decree of the Court of Appeals and dismiss the appeal for failure to enter a motion for a new trial.

In *Independent Life Ins. Co.* v. *Hunter,* 166 Tenn., 498, 506, 63 S. W. (2d), 668, 671, it is said:

"If there is one thing well settled in our practice, it is that no error of the Court of Appeals, either of commission or omission, can be reviewed by this court except upon petition for *certiorari.* The erroneous pretermission of material questions by that court must be brought up in the same way that the erroneous disposition of such points is brought up to permit a review by this court."

We are further of the opinion that it was unnecessary

to incorporate the depositions with their exhibits on file into the bill of exceptions.

Section 8967 of the Code provides as follows:

"In equity causes removed to the supreme or appeals court by writ of error, or appeal in the nature of a writ of error, the depositions and exhibits read on the hearing below shall be a part of the record, and the cause shall be reviewed and examined as if brought up by appeal."

■ The depositions, having been taken and filed in this equity cause, became a part of the record. The fact that subsequently, by agreement, oral testimony was submitted to the chancellor would not have the effect of eliding the depositions from the record, so as to require their incorporation into a bill of exceptions in order to make such testimony available in the appellate court.

■ A bill of exceptions was necessary to preserve the oral testimony and exhibits to such testimony as well as to bring up the stipulation of facts. The bill of exceptions does not contain such exhibits and stipulation of facts, and to that extent it is incomplete. Neither have these exhibits been identified by the trial court. We cannot say, therefore, that the Court of Appeals committed error in declining to consider the cause upon its merits; hence the petition for a writ of *certiorari* is denied.