SPIVEY *v.* REASONER.

*(Nashville,* December Term, 1950.)

Opinion filed November 3, 1950.

Roy A. MILES, of Nashville, for appellant.

PAUL L. WILLIAMS and JAMES I. VANCE BERRY, both of Nashville, for appellee.

Mr. Justice Prewitt delivered the opinion of the Court.

This suit presents a controversy between adjacent landowners as to the location of the boundary line between them. The Special Chancellor entered a decree adjudging that the true boundary was as shown in defendant's title papers and appointed, by consent of the parties, a surveyor to lay out the line, set up suitable markers, and report to the court. A final decree was then entered establishing the boundary in accordance with the surveyor's report. The complainant appealed to the Court of Appeals.

A decree was signed by solicitors for both parties, reciting that the cause had been tried in the lower court upon a stipulation of facts. The Court of Appeals transferred the cause to this Court, and this Court, finding that the record showed the cause was not one "in which all the facts have been stipulated", Williams' Code, Section 10618, remanded the cause back to the Court of Appeals.

The cause was not heard below upon depositions. It was heard orally upon a stipulation of the parties "that the case will be heard and disposed of on oral testimony of witnesses introduced in open court, and upon such documentary and other evidence as the parties may see fit to introduce." The Chancellor's first decree recites that the cause was heard "on the pleadings, the testimony of witnesses introduced in open court, stipulation of the parties, argument of counsel, and upon the entire

record." The final decree also recites that the cause was further heard "upon the pleadings, the testimony of witnesses, argument of counsel and especially upon the report of the surveyor."

There was no bill of exceptions, so the cause is before this Court only upon the technical record.

Two ways are provided by the statutes for making evidence heard on the trial of cases in chancery part of the appellate record: (1) on depositions, Williams' Code, Section 8967, and (2) orally, Williams' Code, Section 10622.

In order to obtain a review of any cause heard in the chancery court upon oral testimony it is necessary to preserve that testimony in a bill of exceptions, since evidence so heard cannot be otherwise authenticated for a review. *Rose* v. *Brown,* 176 Tenn. 429, 143 S. W. (2d) 303.

In the case just cited, the final decree recited that the cause was heard upon the pleadings and "stipulation of facts, depositions on file, and oral testimony of witnesses examined in open court, and the entire record at large." It was there said: "A bill of exceptions was necessary to preserve the oral testimony and exhibits to such testimony as well as to bring up the stipulation of facts." 176 Tenn. 432, 143 S. W. (2d) 304.

The Court of Appeals was correct in holding that it had no power to review the complainant's assignments of error, and in the absence of a bill of exceptions, there is a conclusive presumption that the Chancellor's findings and decrees based on these matters were correct. *Rose* v. *Brown,* supra.

Writ denied.

All concur.