FREEMAN *v*. FREEMAN *et al.*

(*Knoxville,* September Term, 1953.)

Opinion filed July 23, 1954.

James W. K. Johnson and Clyde W. Key, both of Knoxville, for complainant.

Oscar Rogers and R. M. Vertrees, both of Knoxville, for defendants.

Mr. Justice Tomlinson delivered the opinion of the Court.

By her Chancery Court bill Mrs. Minnie B. Freeman sought to be adjudged the owner by way of a resulting trust to a residence, the record title to which was vested in her deceased and intestate son, Aaron Freeman, whose widow and children, all minors, are the defendants. They, in required form, deny in full those allegations of the bill which it is necessary for complainant to prove in

order to establish the resulting trust. The Chancellor found "that she has failed to sustain the allegations of the same by proof". From his decree dismissing her bill Mrs. Freeman prayed, was allowed, and perfected an appeal. The Court of Appeals reversed, and adjudged Mrs. Freeman entitled to a one-half undivided interest in the residence. Petition for writ of certiorari presented in behalf of the widow and children of the deceased son was granted.

There is no bill of exceptions. But the Court of Appeals held as a part of the technical record that which it considered to be the findings of the Chancellor. That Court further held that in the absence of a bill of exceptions these findings, "being a part of the technical record, are open to review by this Court"; and that these findings were that Mrs. Freeman and her son had jointly purchased and paid for the property for the benefit of the two of them; hence, that each was entitled to a one-half interest.

Attention is at once attracted to the unique situation that the facts stated by the Court of Appeals to have been found by the Chancellor, and said to have been made a part of the record, are contrary to the result reached by the Chancellor's decree.

It is the insistence of the petitioners that the Court of Appeals erred in holding that there is in the technical record the Chancellor's supposed findings of fact, and that this Court erred in giving effect to such alleged findings. This insistence involves the proceedings as they appear of record, considered in the light of Sections 10620 and 10621, as well as independently of those Code sections.

On May 10, 1952 final decree was entered. Therein it

was recited that Mrs. Freeman had "failed to sustain the allegations of same (her bill) by proof", and dismissing her bill. It was from this decree that Mrs. Freeman prayed, was allowed, and perfected an appeal by filing cost bond on June 9. That was the same date that her motion for a new trial was overruled. No mention of a bill of exceptions is made in either the decree of May 10 or that of June 9 overruling the motion for a new trial.

The decree of May 10, being the one from which the appeal was had, recites that the Court had theretofore "rendered an opinion which, on application of complainant, is made a part of this decree by reference, and need not be copied, but filed as a part of the record". The "opinion" referred to in this decree was an oral statement on April 22 by the Chancellor as to what he found the facts to be.

There next appears an order entered February 17, 1953. This was more than eight months after Mrs. Freeman had perfected her appeal; therefore, several months after the Clerk should have certified the record to the Court of Appeals. Up to that time no findings of fact had been filed by the Chancellor. This order of February 17, 1953, after reciting that the Court rendered an oral opinion referred to in the final decree of May 10, 1952, says that this "opinion was in the words and figures following." Then follows what is said to be the Chancellor's findings as taken down by the Court Reporter. This order recites that the Court refused Mrs. Freeman's motion to make this stenographic report of his findings a part of the record because (1) the Chancellor was "without jurisdiction to allow said motion" and (2) the "evidence upon which said opinion was based had not been preserved by bill of exceptions and made a part of the record."

On February 18, 1953, being the day following the entry of the order just above mentioned, the Clerk certified the transcript. That transcript was filed in the Court of Appeals on the following day, to wit, February 19, 1953.

A stipulation signed by the attorneys for the respective parties, and filed in the Court of Appeals on June 24, 1953, is to the effect that in as much as the Court of Appeals was of the opinion that the cause should be remanded "with directions to the Chancellor to make * * * a part of the record" the opinion of the Chancellor which was by reference made a part of the final decree, now, "in order to avoid a remand" the parties agree that the stenographic report of the Chancellor's opinion as copied into the order of February 17, 1953 is correct except that following the statement "amount to one-half interest to Ralph Freeman's family", the Chancellor further stated "unless the complainant will accept the Court's suggestion and amend her bill accordingly, a decree will be entered dismissing her bill".

This stipulation conclusively establishes two facts, to wit, (1) that the stenographic report of what was the Chancellor's oral statement was not a complete report of the Chancellor's oral statement, and (2) the Court of Appeals finally considered the matter upon a stipulation of the parties as to what the oral statement of the Chancellor was; and thus could not have considered it upon what appeared in the technical record.

 Aside from any other consideration as to the correctness of this action of the Court of Appeals, it is sufficient here to point out that such action contravenes the unyielding rule requiring authentication by the Chancellor of extraneous matter before such extraneous matter can become a part of the record. In *Railway & Light Co.*

v. *Marlin*, 117 Tenn. 698, 705, 99 S. W. 367, 368, the Court held as follows:

"If the clerk of the court below cannot be permitted to determine what shall constitute any part of the record, and he cannot, as has been expressly held, then neither can counsel, by affidavit or otherwise, be so permitted. The authentication of all matters going to make up and constitute the record must be by the trial judge, and by him in the exercise and discharge of his judicial functions; and no one else can perform that service for him, nor can he delegate it to any one else."

Since this is conclusive of this case in favor of petitioners for certiorari, perhaps we should stop here. However, consideration of the petition is continued from another angle.

The procedure required, and rights to litigants thereby given, with reference to the Chancellor's finding of facts in cases of this character appears in Sections 10620-10621 of the Code. By Section 10620 the Chancellor is required to file written findings, unless the findings are incorporated in the decree. By Section 10621 the findings, except when incorporated in the decree, shall be filed by the Chancellor within thirty days after the appeal has been perfected.

The findings upon which the Court of Appeals reversed the Chancellor were not stated in the final decree which the Court of Appeals had before it for review. Nor had the Chancellor filed written findings within thirty days after Mrs. Freeman had perfected this appeal on June 9, 1953. It is true that the decree which was before the Court of Appeals for review did recite that the Chancellor had theretofore made a finding of fact which "on applica-

tion of complainant is made a part of this decree by reference, and need not be copied, but filed as a part of the record''. But the finding of fact so mentioned was an oral statement.

■ Oral statements are not part of a final decree. No part of a decree can exist merely in the memory of man. All of it must be in writing. ''An oral statement of the court merely intended to acquaint the parties of views intended to be embodied in the judgment is not the pronouncement of a judgment, and cannot affect the correctness or validity of the judgment as rendered.'' 49 C.J.S., Judgments, Sec. 62a, page 182.

■ It is true that the decree said that it made this oral statement a part of the decree by reference, but that did not have the effect of making such oral statement a part of the decree. Such would have been a legal impossibility. That being the case we do not have to deal with the question of whether an extraneous document actually existing (which is not this case) may be written into and become a part of a decree by reference.

If appellant desired the incorporation into the record, which was to go up on appeal, of this oral finding, Code Section 10621, furnished the means, and it was her duty to employ this means if she wanted the advantage, if any, of such oral findings. *Stiner* v. *Powells Valley Hardware Company,* 168 Tenn. 99, 75 S. W. (2d) 406.

Code Section 10621 gave the appellant thirty days after she had perfected her appeal to get this oral finding of fact into the record by causing it to be reduced to writing, authenticated by the Chancellor, and filed. This she did not do. So the case went on her appeal to the Court of Appeals without there being in the record the findings of the Chancellor other than those which are

actually in the decree from which Mrs. Freeman appeals. These were the only findings, therefore, that the Court of Appeals properly had before it for consideration. In going beyond that point it erred, in the opinion of this Court.

(5) Since there was no compliance with the mandate of Code Sections 10620-10621, so important in this case to the rights of the parties, there was no way for the Court of Appeals to get before it any other findings of the Chancellor than that which affirmatively appeared in the decree from which Mrs. Freeman appealed. And, there being no bill of exceptions, and no error appearing in the technical record, there arose a conclusive presumption that the decree of the Chancellor is correct. *Daniel* v. *East Tennessee Coal Company*, 105 Tenn. 470, 477, 58 S. W. 859, and cases it cites. This Court thinks that the Court of Appeals should have so held.

To reach any other conclusion is to award the appellant a premium for so proceeding as to present on her appeal an incomplete record, her duty to the contrary notwithstanding. *Stiner* v. *Powells Valley Hardware Company*, supra. Moreover, to hold otherwise "would put on the successful (defendant), in the contest below, the burden of preserving a bill of exceptions, in order to prevent a reversal on" complainant's appeal by whose procedure the successful defendants were deprived of their right to a hearing de novo on that appeal. *Goodman* v. *Goodman*, 127 Tenn. 501, 503, 155 S. W. 388.

For each of the reasons stated, the decree of the Court of Appeals will be reversed and that of the Chancellor affirmed with costs adjudged against Mrs. Freeman and the surety on her appeal bond.