PORTER FREEMAN

*v.*

SAM L. FELTS et al.

(*Nashville,* December Term, 1960.)

Opinion filed February 17, 1961.

PORTER FREEMAN, pro se.

CECIL SIMS and WILLIAM WALLER, Nashville, for appellee Justice Sam L. Felts.

JACK WILSON, Assistant Attorney General, GEORGE F. McCANLESS, Attorney General, for other appellees James Peeler, Chairman, Democratic Executive Committee, Joe C. Carr, Secretary of State, Dr. Sam Coward, Chairman, State Board of Elections.

PER CURIAM.*

This is an election contest over the office of Associate Justice of the Supreme Court.

Appellant, Porter Freeman, who we shall refer to herein as complainant, filed his original bill in the Chancery Court of Davidson County on August 30, 1960, against Judge Sam L. Felts, who was elected Associate Justice of the Supreme Court in the General Election of August 4, 1960, George F. McCanless, Attorney General,

---

* This opinion was filed on February 17, 1961 by a special Supreme Court appointed by the Governor pursuant to sec. 17-202, T.C.A. Since the case involved a contest of the election of one of the members of the regular Court, Mr. Justice Sam L. Felts, all of the regular Justices thereof certified to the Governor that they were incompetent to sit therein, whereupon the Governor appointed to hear the case the Honorables Harry Phillips of Nashville, Fenner Heathcock of Union City, Frank Bratton of Athens, John Porter of Memphis, and H. T. Holman of Fayetteville.

Jimmy Peeler, Chairman of the Tennessee Executive Committee of the Democratic Party, Jerry McDonald, Election Co-ordinator of the State of Tennessee, Dr. Sam Coward, Chairman of the Tennessee Election Commission and Joe C. Carr, Secretary of State.

The bill charged that complainant had been nominated for the office of Justice of the Supreme Court for the Middle Grand Division at and by an assembly or caucus of the Free Democratic Party held on June 29, 1960, in Davidson County for the purpose; that complainant accepted the nomination and pursuant thereto did on June 30, 1960, write a letter of certification to every county election commission of the State of Tennessee, a copy of said letter being filed as Exhibit A to the bill of complaint; that on the same date complainant forwarded to Dr. Sam Coward, Chairman of the Tennessee Election Commission, by registered mail a letter requesting Dr. Coward to notify all election commissions of complainant's request to have his name placed on the ballot as the nominee of the Free Democrat Party for Judge of the Supreme Court, Middle Grand Division; that complainant had done everything required of him by the election laws of the State of Tennessee to have his name placed on the ballot in the General Election to be held on August 4, 1960; that the Free Democrat Party was incorporated under a general welfare charter of the State of Tennessee granted and issued on June 26, 1958, by the Secretary of State; that on June 30, 1958, there was filed in the office of the Secretary of State an affidavit that the Free Democrat Party does not advocate the overthrow of the local, state or national government by force or violence; that complainant's constitutional rights were violated by the omission of his name on the official ballot

in the General Election of August 4, 1960, in 67 of the 95 counties of the State; that Sam L. Felts was not the legally qualified candidate of the Democratic Party of Tennessee because he was not legally nominated for the office as required by law; that George F. McCanless, Attorney General of the State of Tennessee, and the election officials named as codefendants had conspired to keep the name of complainant as nominee of the Free Democrat Party off the official ballot in the General Election of August 4, 1960, said codefendants being charged in general terms of violating the election laws of the State and Mc-Canless, as Attorney General, being specifically charged with a violation of complainant's right to become a candidate for Judge of the Supreme Court and to have his name on the official ballot in all counties of the State by issuing an opinion in reply to a letter from Ernest R. Taylor, Secretary of the Election Commission of Hamblen County, to the effect that Freeman was not entitled to have his name on the ballot, specifying in such letter his reasons for such opinion, copy of which was filed as Exhibit C to the bill.

There was filed as Exhibit B to the bill a copy of the election returns certified by the Secretary of State, which showed that defendant Sam L. Felts had received a majority of the votes cast in the election for the office of Associate Justice of the Supreme Court, Middle Grand Division.

Complainant prayed in the alternative that he be declared the winner of the election or that the election be declared void and a new election held.

In his separate sworn answer to the bill Judge Sam L. Felts denied that complainant was or had ever become a

candidate within the legal meaning of the election statutes of the State, or that he was or had ever become the legal nominee of any bona fide political party in the State for the Judge of the Supreme Court for the Middle Grand Division; that an assembly or caucus was held in Davidson County, Tennessee, or elsewhere on June 29, 1960, or at any other time as required by Section 2-1205, Tennessee Code Annotated, for the purpose of nominating a Judge of the Supreme Court or other local officers; that complainant was nominated and had accepted the nomination for such office; that complainant had complied with all of the laws pertaining to the General Election and with respect to the office of Judge of the Supreme Court for the Middle Grand Division, either as an individual or as a candidate or nominee selected by any legally constituted political party in Tennessee; that the "Free Democrat Party of Tennessee" is not a legal political party in Tennessee, Democratic or otherwise; that the charter issued in the name of "Free Democrat Party of Tennessee" was legal or authorized by the statutes of the State; that the alleged "Free Democrat Party of Tennessee" or "Free Democratic Party of Tennessee" has complied with the requirements of Section 2-1203, Tennessee Code Annotated, with respect to the filing of an affidavit showing that such purported party does not advocate the overthrow of local, State or national government by force or violence; that said alleged political party ever filed an affidavit as required by Sections 2-1203 and 2-1204 of Tennessee Code Annotated as a condition precedent to the placing of a candidate's name on a ballot with the Election Commissions of the counties of Tennessee who were charged with the placing of the names of candidates on the ballots; that Freeman

was entitled to have his name placed on the ballot in the counties of Tennessee as a candidate for the Judge of the Supreme Court of Tennessee in the General Election held on August 4, 1960.

Judge Felts proceeded to allege in his answer that in said General Election he was duly and legally elected to the office of Judge of the Supreme Court as shown by the certificate of the Secretary of State filed as Exhibit B to the bill; that he had been duly certified as having been so elected; that prior to the filing of this contest proceedings he had been duly commissioned by the Governor of Tennessee as a Judge of the Supreme Court and that he now occupies such judicial position pursuant to the law and in full compliance with each and every applicable statute of the State of Tennessee.

Judge Felts expressly denied the averments in the bill that he was not the legally qualified candidate of the Democratic Party and that he was not legally nominated to the office of Judge of the Supreme Court of Tennessee, Middle Grand Division, and positively averred that he was the sole and exclusive nominated candidate of the Democratic Party of Tennessee for the position of Judge of the Supreme Court of Tennessee, Middle Grand Division, and was duly and legally elected to such office in the General Election as such legal nominee of the Democratic Party.

Judge Felts concluded his answer by neither admitting nor denying the remaining averments to the bill relating to his codefendants and demanded strict proof of all such averments, except that he positively averred that he at no time entered into any conspiracy with any of the parties defendant or any other persons in connection with such election.

Each of the other defendants filed his sworn answer to the bill denying all the material allegations thereof, except that the defendant McCanless admitted rendering the opinion to the Honorable Ernest R. Taylor, Secretary of the Election Commission of Hamblen County, Tennessee, copy of which was filed as Exhibit C to the bill, but he denied that he mailed copies of said letter to the commissioners of election of the counties of the State. He denied that the letter from Taylor requesting the opinion was illegally received and that the opinion rendered in response to said request was fraudulent or disgraceful in any manner whatsoever, but on the contrary was rendered in good faith and in response to a valid request.

Each of the defendants in his separate answer demanded strict legal proof of all of the allegations of the bill not admitted or denied.

Upon the filing of the bill the Chancellor set the case for hearing on October 3, 1960, notice of which was duly given to all the parties.

The record discloses that when the matter was heard the complainant failed to introduce any evidence whatsoever in support of the allegations of his bill of complaint.

The memorandum opinion of the Chancellor reads in part as follows:

"At the beginning of the hearing the following occurred:

"Mr. Waller: Are we hearing this cause by bill and answer?

"Mr. Freeman: This is the answer.

"Mr. Waller: I would like to know whether we are or not.

"The Court: Do you wish what you are saying to be considered as proof in the cause?

"Mr. Freeman: It will be proof when I get down to it, this is the start of it.

"Following this complainant, representing himself, made a lengthy and extensive argument of his cause but as is apparent from the record he at no time offered any proof in support of his bill. * * *

"Even though the complainant forcibly argued his cause he failed to introduce any proof to sustain his cause. The allegations of the answers having denied the allegations of the original bill and the complainant having the burden of proof, the Court has no option but to dismiss the bill."

By his decree the Chancellor accordingly dismissed the bill, from which decree complainant Freeman has prayed and perfected his appeal to this Court.

It might be well to point out that no bill of exceptions has been filed so that the appeal stands for hearing upon the technical record alone.

Various documents and newspaper clippings appear in the record including the three exhibits to the bill of complaint and what purports to be a photo-copy of a general welfare charter issued on June 26, 1958, to the Free Democrat Party of Tennessee with Porter Freeman, Mrs. Porter Freeman and three other persons named as incorporators. None of these documents and newspaper clippings is shown to have been introduced in evidence and none has been identified or authenticated by the Chancellor.

The appellant has filed in this Court an assignment of errors, supported by written brief and argument, which assignments are substantially as follows:

(1) The Chancellor erred in holding that the appellant had offered no proof in support of the allegations in his petition.

(2) The Chancellor erred in stating that both petitioner and the Court were at a disadvantage, because the appellant, a layman, was representing himself;

(3) The Chancellor erred in finding and holding that the argument of the appellant below was replete with statements which, if they had been offered as evidence, would have been incompetent;

(4) The Chancellor erred in ruling against the appellant, because the attorneys for the defendants failed to produce evidence or denial of the charges at the hearing.

These assignments are obviously without merit and cannot be sustained.

■ In his oral argument before this Court appellant referred to a number of exhibits which were filed in this Court but which do not constitute a part of the record. These documents and newspaper clippings were not and could not be considered by this Court since they were not identified and authenticated by the Chancellor. *Fine v. State,* 183 Tenn. 117, 191 S.W.2d 173; *Freeman v. Freeman,* 197 Tenn. 75, 79, 270 S.W.2d 364. The case, therefore, must be determined upon the technical record alone, and since there are many determinative issues of fact made in the pleadings, the proof of which was essential and necessary in order to sustain complainants' bill, the Chancellor was correct in dismissing the bill.

■ It is well settled that an election contest cannot be prosecuted by any person other than a bona fide unsuccessful candidate for the contested office or by the incumbent of the office. A private citizen cannot maintain such an action in his capacity as citizen and taxpayer. *Mathis v. Young*, 200 Tenn. 168, 291 S.W.2d 592; *Hollis v. State ex rel. Vaughan*, 192 Tenn. 118, 237 S.W.2d 592; *Morrison v. Crews*, 192 Tenn. 20, 237 S.W.2d 1; *Skelton v. Barnett*, 190 Tenn. 70, 227 S.W.2d 774.

■ In order to maintain this election contest complainant must have established by competent proof that he was a bona fide candidate for the office of Judge of the Supreme Court, Middle Grand Division. This he has failed to do. When answers were filed denying that complainant was a candidate or legal nominee of a bona fide political party for the office of Judge of the Supreme Court, the burden of proof was placed upon complainant to establish these averments by a preponderance of the evidence.

The various other allegations contained in the bill of complaint, including the charge that the defendants, excluding Sam L. Felts, Judge, had violated various of the election laws of the State and had conspired to keep the name of complainant as the nominee of the Free Democrat Party off the official ballot in the General Election of August 4, 1960, were denied by the defendants in their individual answers. Consequently the burden rested upon complainant to establish such averments by a preponderance of the proof.

■ The burden of proof is on the party having the affirmative of an issue and this burden never shifts. *Stewart v. City of Nashville*, 96 Tenn. 50, 33 S.W. 613;

*Wilkins v. McCorkle,* 112 Tenn. 688, 80 S.W. 834; *City National Bank v. Barnes,* 164 Tenn. 450, 51 S.W.2d 503; *Whipple v. McKew,* 166 Tenn. 31, 60 S.W.2d 1006.

In as much as there is no bill of exceptions and no error appears in the technical record, there is a conclusive presumption on appeal that the decree of the Chancellor is correct. *Freeman v. Freeman,* 197 Tenn. 75, 270 S.W.2d 364; *Spivey v. Reasoner,* 191 Tenn. 350, 233 S.W.2d 555.

Since complainant has failed to prove the averments in his bill the action and decree of the Chancellor dismissing the bill must be affirmed.

Affirmed.

### Decree

This cause coming on to be heard upon a transcript of the record from the Chancery Court of Davidson County, assignments of error, reply brief and argument of counsel, upon consideration whereof the Court is of opinion that in the decree of the Chancellor there is no error.

It is therefore ordered and decreed by the Court that the decree of the Chancellor be in all things affirmed and that the cause be dismissed; and that Porter Freeman pay all the cost of the cause, for which execution may issue if necessary.