Robert L. MOORE, Plaintiff-Appellant,

v.

Mrs. Thelma B. MOORE, Administratrix of the Estate of Andrew E. Moore, and Thelma B. Moore, Individually, Defendant-Appellee.

Court of Appeals of Tennessee,
Middle Section.

April 25, 1980.

Certiorari Denied by Supreme Court
June 23, 1980.

J. C. Dale, Jr., Dale, Thompson & Miles, Nashville, for plaintiff-appellant.

James L. Roberts, Parker, Nichol & Roberts, Lewis B. Hollabaugh, Manier, White, Herod, Hollabaugh, & Smith, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

This appeal concerns the correctness of the report of the Clerk and Master dividing the assets and liabilities of a business which had been operated by two brothers. Plaintiff has appealed from the order of the Chancellor confirming the report of the Clerk and Master, overruling plaintiff's exceptions thereto, and denying plaintiff's motion for a new trial or alteration and amendment of judgment.

Plaintiff and his brother had operated a business known as Boatland for several years. After his brother died, plaintiff filed suit against defendant, his brother's widow who was the administratrix of the estate, and alleged that he and his brother had operated the business as a partnership. This dispute was settled by a consent decree and a written agreement between the parties. The decree provided that the assets of Boatland as of July 14, 1969, should be divided with defendant receiving sixty per cent and plaintiff receiving forty per cent. Plaintiff was to be allowed to use the name "Boatland" and to carry on the business. Defendant was to collect accounts receivable unpaid at that time and to pay the debts of Boatland and was allowed to use the name "Boatland" only for those purposes. The agreement more specifically divided the assets of Boatland in accordance with the decree. It also contained the following provision which has become the subject of this controversy:

7. Each party covenants with the other that he is concealing no records, liabilities or assets of the business Boatland and agrees that if any assets or liabilities

are discovered which were not known and discussed in the negotiations leading to this agreement, they will be apportioned in the manner herein provided.

On October 10, 1969, some three months after the settlement agreement, plaintiff filed his petition and sought an accounting from defendant.[1] Plaintiff later filed a supplemental petition, and numerous pleadings were filed by both parties.[2] The case was referred to the Clerk and Master, and on March 10, 1978, the Chancellor ordered the Master to make an accounting. The Master filed his report to which plaintiff excepted. Plaintiff primarily objected to the credit allowed defendant for 1968 and 1969 federal income tax deficiencies that were determined after the date of the agreement and after an audit was requested by plaintiff. The Master overruled the exceptions, and plaintiff appealed to the Chancellor. The Chancellor concurred in the overruling of the exceptions and confirmed the report of the Master. Plaintiff then filed, pursuant to Rule 59, Tennessee Rules of Civil Procedure, his petition in which he sought a new trial or alteration and amendment of the judgment. From a denial of this petition, plaintiff has appealed to this Court.

Plaintiff presents six issues for review which can be summarized as follows:

(1) Are the federal income tax deficiencies assessed against defendant and the estate of Andrew E. Moore [plaintiff's brother] for 1968 and 1969 liabilities of Boatland so that defendant was properly allowed credit for payment of the deficiencies?

(2) Are any of the assets on which the 1968 income taxes were computed Boatland assets in which plaintiff was entitled to share?

In this case the Chancellor confirmed the findings of the Clerk and Master. T.C.A. § 27–113 provides "that where there has

---

1. Other relief sought by plaintiff is not pertinent to this appeal.

2. A complaint in intervention was filed on behalf of the Commissioner of Revenue for the State of Tennessee. This complaint, which pri-

marily concerned inheritance tax on the estate of Andrew E. Moore, plaintiff's brother, and subsequent pleadings filed by the parties in connection with this complaint raise no additional issues pertinent to this appeal.

been a concurrent finding of the master and chancellor, . . . the Court of Appeals shall not have the right to disturb such finding." Plaintiff, however, relies on exceptions to this rule. As stated in *Ferrell v. Elrod*, 63 Tenn.App. 129, 469 S.W.2d 678 (1971): "This Court has no authority to disturb such a [concurrent] finding unless (a) it is upon an issue not proper to be referred, or (b) it is based upon an error of law or a mixed question of fact and law, or (c) where it is not supported by any material evidence." *Id.* at 139, 469 S.W.2d at 683 (citations omitted). Plaintiff contends that the issues in the case at bar are mixed questions of law and fact and that the findings of the Master and Chancellor are erroneous. With this contention we can not agree.

■ Plaintiff contends that defendant should not have been allowed credit for payment of the income tax deficiencies as liabilities of Boatland under paragraph seven of the settlement agreement, quoted above, and that the burden of proof was improperly placed on plaintiff to show that credit should not have been given. The record shows that plaintiff had always allowed his brother to pay the Boatland taxes as if the business were his brother's sole proprietorship. The Internal Revenue Service determined the tax deficiencies on the basis of the personal and business assets of plaintiff's brother and defendant and the returns prepared by plaintiff's brother and defendant. As the Chancellor stated in his Memorandum Opinion, this action of the IRS "resulted from the unique arrangement between the two brothers relative to their treatment of the business. Therefore, when the defendant paid the additional taxes[,] she was paying a liability of the business[,] and that figure should be apportioned according to the agreement." No evidence in this record suggests that the burden of proof was allocated improperly. Defendant included the amount of the deficiencies in her accounting, the Master found

that the amounts paid on the deficiencies were properly credited to defendant, and the Chancellor confirmed the Master's finding.[3]

Plaintiff next contends that if the income tax deficiencies are determined to be liabilities of the business, defendant should not be allowed credit for certain of the penalties for which plaintiff contends defendant alone is responsible. As noted above, however, plaintiff allowed his brother to pay all the business taxes as a proprietorship. Any deficiencies, therefore, caused by errors made by plaintiff's brother or defendant in the computation of the 1968 and 1969 taxes would be the responsibility of the business as well as plaintiff's brother and defendant. Further, plaintiff contends that defendant had an asset of the business sufficient to cover the 1968 deficiency before some $7000 of additional penalties were incurred. Plaintiff refers to a $17,000 savings certificate that was used by the IRS in computing the 1968 taxes. As will be discussed below, no evidence has been presented to show that this savings certificate was an asset of the business which would, under the terms of the July 14, 1969, agreement and the July 15, 1969, decree, have been subject to payment of Boatland taxes. For all of the above reasons, we hold that the Chancellor correctly assessed the 1968 and 1969 income tax deficiencies to be liabilities of Boatland for payment of which defendant was properly allowed credit.

Concerning the second issue, plaintiff contends that certain assets were included in the determination of the 1968 income tax deficiency but were not included in the accounting of either defendant or the Master. Plaintiff asserts that if these assets are used in computing the tax which is a business liability to be apportioned under paragraph seven of the settlement agreement, quoted above, the assets should be apportioned as well. Plaintiff specifically contends that a $17,000 savings certificate was not disclosed until after the tax audit

---

**3.** The question of the proper allocation of the burden of proof on the inclusion of certain assets in the determination of the tax deficien- cies will be considered in the discussion of the second issue.

and after defendant gave the following testimony in her deposition:

Q. Now did you use any of this money for purchasing the property you were talking about?

A. Yes, sir. It was all the money I had.

Q. Well now, you had $67,000. Where did you get the other $20,000?

A. Well, I got $12,000 from Gene's insurance policy and then we had a savings account. We had about $17,000 in a Gold Certificate, and so I pulled all the money and we bought a house and a business.

The July 14, 1969, agreement provided that only assets of the business, not the parties' personal assets, would be divided. The accounting of the Clerk and Master, affirmed by the Chancellor, did not include any mention of the $17,000 savings certificate. Since the certificate was not listed, clearly, it was not found to be a business asset. Plaintiff seems to contend that this Court is not bound by this concurrent finding of the Master and the Chancellor because of an error of law, the incorrect allocation of the burden of proof. *See Ferrell v. Elrod, supra.* "The burden of proof is on the party having the affirmative of an issue . . . .." *Freeman v. Felts*, 208 Tenn. 201, 210, 344 S.W.2d 550, 554 (1960) (citations omitted); *see Chattanooga-Dayton Bus Line v. Lynch*, 6 Tenn.App. 470, 479–81 (1927); 1 *Gibson's Suits in Chancery* § 451 (5th ed. 1955). Plaintiff contends that the burden was on defendant to explain why the $17,000 savings certificate was not divided with plaintiff, *i. e.*, to show that the certificate was a personal rather than a business asset. In support of this contention, plaintiff relies, in part, on partnership law which is inapplicable to the case at bar. Although the July, 1969, decree and agreement established plaintiff's interest in Boatland at the time, neither they, nor any other decrees or agreements, established that Boatland was a partnership. In fact, the burden of proof on this issue was on plaintiff.

Plaintiff raised the issue of the proper designation of the $17,000 savings certificate in his exceptions to the report of the Master, but he did not offer any proof that the certificate was a business asset. Plaintiff did allege that the 1968 income tax assessment showed a large amount of Boatland income of which he did not receive a forty per cent share. In 1968, however, the settlement agreement was not in effect and the amount of Boatland income each brother received was a matter between them at the time. Plaintiff offered no proof to show that the $17,000 savings certificate or any other asset that was used in computing the 1968 tax but was not listed in the accounting was a Boatland asset on hand at the time of the agreement rather than a personal asset of defendant. The fact that the certificate and other assets not listed in the accounting were used in computing the 1968 income tax deficiency did not make them business assets because of the way the brothers computed their taxes. Since plaintiff is the "party against whom . . . the issue would be decided if no proof in regard to it was introduced," *Gibson's Suits in Chancery, supra,* and since plaintiff has failed to present any proof showing that the certificate or any other asset not listed in the accounting was a business asset, he has not met his burden of proof. We hold that the accounting of the Clerk and Master as confirmed by the Chancellor listed all Boatland assets in which plaintiff is entitled to share.

The decree of the Chancellor is affirmed, with costs to plaintiff.

TODD and DROWOTA, JJ., concur.