Teresa **LEONARD**, Plaintiff-Appellee,

v.

Catherine A. **GILREATH**, Defendant-Appellant.

Court of Appeals of Tennessee, Eastern Section.

Aug. 5, 1981.

Permission to Appeal Denied by Supreme Court Nov. 9, 1981.

Sidney W. Gilreath, Knoxville, for defendant-appellant.

Bruce A. Anderson, Knoxville, for plaintiff-appellee.

## OPINION

FRANKS, Judge.

This is a suit against a landlord for loss of items of personal property and damage to

others left by the plaintiff in a house which plaintiff and her husband had previously leased.

The trial judge entered judgment for damages and the landlord has appealed, insisting that T.C.A., § 64–2835,[1] relied upon by the tenant, has no application to the facts of this case and the evidence establishes no basis for holding the landlord liable for the plaintiff's loss.

Plaintiff and her husband occupied the house in March, 1978, the latter having entered an oral month to month lease arrangement with Ann Strickland, an employee in defendant's professional office. Plaintiff and her husband occupied the premises until the end of July, 1978, and as they were contemplating a divorce, plaintiff moved from the premises approximately one week before the end of July, and her husband moved out either the last day of July or the first or second day of August. Ms. Strickland was notified that due to marital difficulties the plaintiff and her spouse no longer wished to rent the premises and plaintiff advised Ms. Strickland that third persons, relatives of the plaintiff, desired to rent the house and Ms. Strickland gave permission for plaintiff's relatives to occupy the house.

Plaintiff left a substantial amount of personal property in the house and, on August 17th, according to plaintiff, she was called by one of her relatives who had been occupying the house and advised that her personalty had been set out in the yard. She visited the premises and found her couch and some other items outside in a downpour of rain. She called her husband and late that afternoon her husband went to the house and retrieved all of plaintiff's personal property that he could find. He testified that he found some items in the yard, some on the back porch and a stove and refrigerator inside the house. Apparently, the house was open and unoccupied at that time. The only other evidence in the record on the issue is a stipulation as to the testimony of a witness subpoenaed, but not served, on behalf of the defendant. It was stipulated this witness would testify that after the plaintiff and her husband moved out other people moved into the house and the new tenants lived in the house without electricity. She observed a couch, which was infested with insects, fleas and urine, and a baby bed and a box of rags in the front yard and "some time later", apparently after the subsequent tenants had left, she and her daughter cleaned the house and the house was found to be infested with insects, fleas and urine from the dogs being kept in the house by the subsequent tenants, and she had removed a carpet from the floor due to the abuse by the dogs.

Neither the subsequent tenants nor the defendant or any other witness testified.

Defendant insists that plaintiff has failed to carry the burden of proof that defendant or any of her agents removed any of plaintiff's personal property from the house or caused its damage. Plaintiff argues that under the law:

> [T]he judge in this case was allowed to use direct and circumstantial evidence. The only reasonable and natural inference to be drawn from the facts of this case is that the Defendant or her agents, in the capacity of landlord, had the Plaintiff's possessions put out of the house and in the yard where they were lost or destroyed.

There is no evidence indicating defendant or her agents or anyone at her direction moved plaintiff's personalty from the house. Plaintiff argues, and the trial judge apparently concluded, that since the new tenants were relatives of the plaintiff they

1. *T.C.A.*, § 64–2835. *Abandonment*—The tenant's unexplained and/or extended absence from the premises for thirty (30) days or more without payment of rent as due shall be prima facie evidence of abandonment. The landlord is then expressly authorized to enter, remove and store all personal items belonging to tenant. If tenant does not claim said personalty within an additional thirty (30) days, landlord may sell or dispose of said personalty and apply the proceeds of said sale to the unpaid rents, damages, storage fees, sale costs and attorney's fees. Any balances are to be held by the landlord for a period of six (6) months thereafter.

would not have removed the plaintiff's possessions from the house and, coupled with the fact that neither appellant nor her agent appeared to deny any participation in the alleged action, the trial judge inferred defendant was responsible for placing plaintiff's personalty in the yard.

There is simply no evidence as to how the property was removed to the yard. Any inference on this issue would be purely a matter of speculation. Plaintiff had the burden of establishing by competent evidence facts from which a logical inference could be drawn. *N., C., and St. L. Ry. v. Crawford,* 39 Tenn.App. 37, 281 S.W.2d 69 (1954). It may be inferred from the fact that the furniture was in the yard that it had been removed from the house but it does not establish the defendant's responsibility for the removal since there is no evidence that defendant or her agents were in possession of the premises at the time. A competing inference is that the tenants removed the property since they were occupying the premises. If there is just as much probability that one theory is true as it is that it is false, the same constitutes no evidence and it would be speculation to draw either conclusion. *Bledsoe County v. Pendergrass,* 205 Tenn. 697, 330 S.W.2d 313 (1959).

The plaintiff had the burden of proving the elements of her theory of recovery and the facts which she alleged in her complaint. *Freeman v. Felts,* 208 Tenn. 201, 344 S.W.2d 550 (1961); *Galbreath v. Nolan,* 58 Tenn.App. 260, 429 S.W.2d 447 (1967); *Hansard v. Ferguson,* 23 Tenn.App. 306, 132 S.W.2d 221 (1939). Plaintiff's complaint charged:

> On or about August 17, 1978, the Defendant, through her agents, wrongfully and unlawfully entered said premises and put Plaintiff's possessions in the yard of said premises in willful and wanton disregard for the Plaintiff's property and without notice to Plaintiff.

The evidence before us leaves to speculation the determinative fact of who removed the items of furniture from the house and the plaintiff, having the burden of proving this fact, must suffer the loss. *Stockburger v. Ray,* 488 S.W.2d 378 (Tenn. App.1972); *Reserve Life Ins. Co. v. Whittemore,* 59 Tenn.App. 495, 442 S.W.2d 266 (1969).

We have not overlooked plaintiff's argument that the defendant who fails to take the stand to refute inferences strong enough to make out a *prima facie* case is presumed to have facts within his knowledge adverse to his interest. *See Jones v. Seal,* 56 Tenn.App. 593, 409 S.W.2d 382 (1966); *Doughty v. Grills,* 37 Tenn.App. 63, 260 S.W.2d 379 (1952). However, this presumption is not triggered by the facts before us since no evidence making out a *prima facie* case was presented by plaintiff.

We reverse the judgment of the trial court and dismiss this suit at plaintiff's cost with remand to the trial court for entry of judgment.

PARROTT, P. J., and GODDARD, J., concur.