**Vera WINFORD, Plaintiff/Appellant,**

v.

**HAWISSEE APARTMENT COMPLEX and Turfmaster, Inc., Defendant/Appellee.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Feb. 8, 1991.

Application for Permission to Appeal Denied by Supreme Court June 10, 1991.

Thompson G. Kirkpatrick of Kirkpatrick, Kirkpatrick & Efird, Memphis, for plaintiff/appellant.

John R. Cannon, Jr., Memphis, for defendant/appellee.

BROOKS McLEMORE, Special Judge.

In this negligence action where master and servant is alleged, the determinative question is whether the alleged defendant-master must plead affirmatively in his answer that the alleged employees are independent contractors when he knows that to be the case at the time of answering.

The material facts are not disputed.

On April 20, 1988, plaintiff filed a complaint alleging that on August 17, 1987 she was injured on the premises of defendant. In paragraph II of her complaint the plaintiff alleged "... As Plaintiff exited the apartment and was walking down the stairs, agents, servants and employees of the Defendant were operating a weedeater type machine cutting grass and edging, when suddenly and without warning one of the employees' machines threw dirt and grass into Plaintiff's eyes, causing her to fall."

On June 7, 1988, defendant filed an answer in response to the above-quoted allegation and stated that "Defendant is without information sufficient to form a belief as to the truth of the averments of Para-graph 2 of the complaint and therefore denies same and demands strict proof thereof."

It is admitted that prior to filing the foregoing answer the attorney for the defendant had specific knowledge that the alleged individuals involved were the employees of Turfmaster, Inc., not defendant.

On August 26, 1988 (nine days after the statute of limitations had run), the defendant filed a Motion for Summary Judgment. On September 30, 1988, defendant filed an affidavit, the material portion being as follows:

I am Charles Buchanan, Vice President of Alco Management, Inc., which company is the contracted manager of Hiwassee Apartment Complex. None of the employees of Hiwassee Apartment Complex were operating any weedeater type machines on or about the date that plaintiff claims that she was injured at said apartments. Hiwassee Apartment Complex had contracted with Turfmaster, Inc. for all activities relating to maintenance of the lawn, including cutting the grass. Any persons using lawn maintenance equipment such as alleged in the Complaint on the day and date claimed are employees of Turfmaster, Inc. and not Hiwassee Apartment Complex. Attached to this Affidavit is a copy of the Contract between the defendant and Turfmaster, Inc.

/s/ Charles Buchanan

On November 22, 1989, plaintiff filed an amended complaint by leave of court adding Turfmaster, Inc. as an additional defendant. Turfmaster's Motion to Dismiss on the plea of statute of limitations was granted on July 5, 1990, and this action of the court was not appealed. No counter-affidavit disputing the statements in the Charles Buchanan affidavit was filed. The trial court granted Summary Judgment as to the defendant, Hawissee Apartment Complex, on July 13, 1990.

Counsel for the plaintiff-appellant conceded in oral argument that the case turns upon the question of whether or not independent contractor is an affirmative de-

fense under Rule 8.03, Tennessee Rules of Civil Procedure.

The applicable provisions of that Rule are:

### 8.03 Affirmative Defenses

In pleading to a preceding pleading, a party shall set forth affirmatively facts in short and plain terms relied upon to constitute accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense....

■ Plaintiff relies upon the residual clause, the last sentence quoted. In construing the residual clause, the burden of pleading follows the burden of proof. Matter which merely controverts plaintiff's *prima facie* case is a negative defense contra-distinguished from an affirmative defense. Stated another way, if the defense of independent contractor does not raise matter outside the scope of plaintiff's *prima facie* case it is not an affirmative defense. *See generally* 2A Moore's Federal Practice, §§ 8.27[3] and [4], at 8–182 to 193 (1990).

Plaintiff insists that the burden of proof to show independent contractor where it is alleged that employees are servants is upon the alleged employer. He cites no Tennessee cases but relies upon 41 Am.Jur. 2d, *Independent Contractors* § 52, at 826 (1968). We quote portions of that authority:

As a general rule, no presumption exists that an employee is either a servant or an independent contractor, and the burden is upon the party having the affirmative of the issue to show the relation to be such as to entitle him to recover. When it is shown that the person causing the injury was at the time rendering a service for the defendant and being paid for the service, and the facts presented are as consistent with the master-servant relationship as with the inde-

pendent contractor relationship, then the burden is on the one asserting the independence of the contractor to show the true relationship of the parties.

... Moreover, it has been held that even though no presumption arises that a person working on the defendant's premises and performing work for the defendant's benefit is a mere servant, evidence of such facts is sufficient for the submission to the jury of an issue as to whether such person is working in the capacity of a servant for the defendant, and if the defendant seeks to avoid liability on the ground that such person is an independent contractor, the burden is upon him to show the alleged employee's independence.

We are of the opinion that the foregoing, as it applies to the case before us, may be summarized by saying that when a *prima facie* case is made by the plaintiff that a person is an employee, then the "burden of going forward with evidence" is on the defendant.

■ In order to hold an employer liable for the acts of the employee it is necessary to show that the relationship of master and servant exists between the wrongdoer and the employer at the time and with respect to the very transaction out of which the injury arose. *Leeper Hardware Co. v. Kirk*, 58 Tenn.App. 549, 434 S.W.2d 620, 623 (1968).

■ The burden of proof is on the party having the affirmative of the issue, and the burden of proof never shifts. 11 Tenn.Jur., *Evidence*, § 49. The plaintiff had the burden of proving the elements of her theory of recovery and the facts which she alleged in her complaint. *Freeman v. Felts*, 208 Tenn. 201, 344 S.W.2d 550 (1961); *Leonard v. Gilreath*, 625 S.W.2d 722, 724 (Tenn.App.1981). The burden of proof rests on him who affirms, not on him who denies. *Galbreath v. Nolan*, 58 Tenn.App. 260, 429 S.W.2d 447 (1967).

In 11 Tenn.Jur., *Evidence* § 49 at 280 (1984), under the heading of BURDEN OF PROOF, it is stated:

The term "burden of proof" is used in two senses in the authorities. In one sense the meaning of the term involves that burden which the party who has the affirmative of an issue must always bear until the conclusion of the case, a burden which never shifts no matter what the changing aspects of the controversy may show as the case develops on the evidence. The other meaning is expressed in the duty which devolves upon the respective parties to meet with evidence the inferences adverse to them that may develop at any point in the trial from the beginning to the end of the case. Some authorities indicate this aspect of the matter by the term "burden of the evidence," and in this sense it is said that the "burden of the evidence" shifts from time to time from one party to the other.

 Plaintiff argues that the defendant was under an obligation to specifically admit or deny any allegation of which he had knowledge; that to answer that he was without knowledge or information sufficient to form a belief as to the truth of the averment placed the plaintiff in a difficult position. We note that the defendant not only used the foregoing language, but stated, "denies same and demands strict proof thereof." The language used by the defendant in response to plaintiff's paragraph II is a denial under our practice. The denial of master and servant relationship warned plaintiff that she must prove master and servant as part of her *prima facie* case. Discovery was available to the plaintiff. Any evidence offered by the defendant negating employment would be admissible at trial without having been specially set out in the answer, as it does not raise matter outside the scope of plaintiff's *prima facie* case.

We find no error in the judgment of the trial court and therefore affirm same with the costs taxed to the appellant.

CRAWFORD and FARMER, JJ., concur.

### ORDER

This matter came on to be regularly heard and considered by the Court on the record, and for the reasons stated in the Opinion of the Court, filed this date, it is ordered that:

1. The judgment of the trial court is affirmed.

2. Costs are adjudged against the plaintiff/appellant for which execution may issue, if necessary.