STATE of Tennessee, Petitioner,

v.

Carl WILLIAMS and Donnie
Wiser, Respondents.

Supreme Court of Tennessee.

Nov. 29, 1976.

Rehearing Denied March 14, 1977.

Brooks B. McLemore, Atty. Gen., David L. Rabin, Asst. Atty. Gen., Nashville, Charles S. Ramsey, Jr., Dist. Atty. Gen., Manchester, for petitioner.

Irwin Venick, Nashville, for Tenn. Council of Juvenile Judges, amicus curiae.

T. Arthur Jenkins, Manchester, for respondents.

Adrienne E. Volenik, Paul Piersma, St. Louis, Mo., for Nat. Juvenile Law Center, amicus curiae.

## OPINION

HENRY, Justice.

It was the sole purpose and intent of this appeal to present for resolution the single and significant issue of whether a non-lawyer juvenile judge may constitutionally incarcerate a juvenile or deprive him of his liberty.

The Court of Appeals, in a scholarly opinion by Judge Drowota, with Judge Todd dissenting, held:

[t]hat because a reasonable likelihood of prejudice exists when lay judges preside over juvenile proceedings resulting in incarceration, the fundamental fairness required by the due process clause of the fourteenth amendment of the federal

constitution and Article I, § 8 of the state constitution require the use of an attorney judge.

We granted certiorari to examine the correctness of this conclusion, in this, a case of first impression in this jurisdiction.[1] That it is a matter of far-reaching significance and, therefore, of vital public importance, is self-evident. It is an issue that this Court is ready to address. The time is opportune. Irrespective of the conclusion we reach, this question, along with analogous questions involving lay judges in other areas, will undoubtedly be considered in substantial detail by the forthcoming constitutional convention. The thinking of this Court would be helpful and, we believe, welcome.

Unfortunately we are unable to decide the controversy on the basis of the record before this Court.

The bills of exceptions[2] before us are fatally defective.

■ First, and of least importance, is the fact that neither contains the mandatory recitation that "this was all the evidence heard in this case", or words of like import. While this historic requirement is a matter of universal knowledge, it does not preclude consideration of a bill of exceptions bearing the signatures of counsel, indicating their approval[3] *and signed by the judge. Norris v. Anderson,* 60 Tenn.App. 261, 445 S.W.2d 927 (1969).

This brings us to the fatal objection: these bills of exceptions were not signed by the trial judge.

Section 27–110, T.C.A. provides that "[t]he certificate of approval of the parties

. . . shall be *sufficient leave to file same . . .* ", and further provides for filing, without joint signatures upon notice to adversary counsel; and provides a procedure for exceptions thereto. Thereafter the statute provides for the certificate of approval of the trial judge.

■ In short, filing is permissible either by the signatures of all counsel or by the unilateral action of the moving party accompanied by notice. But, regardless of how filed, the bill of exceptions does not become an official record of the trial proceedings unless and until authenticated by the trial judge. *McAmis v. Carlisle,* 42 Tenn.App. 195, 300 S.W.2d 59 (1956). See also Caruther's History of a Lawsuit, (8th Ed. 1963), Section 438.

■ Finally, neither bill of exceptions was filed within the time required by law— within thirty (30) days from the entry of the order which occasioned its filing. § 27–111, T.C.A.

The record reflects the order in each case was entered on 20 November 1974 and in each case the order recites that the juvenile "is allowed 30 days to file his appeal bond or pauper's oath in lieu of appeal bond and otherwise perfect his appeal."

Thus, the time for filing a bill of exceptions in each case expired on *December 20, 1974.* In each case the bill was filed on *January 20, 1975.*

In each case, on December 27, 1974, after it was too late to file a bill of exceptions, the record contains an order directing that each indigent defendant be provided a transcript. Written into each order but lined

---

1. On June 28, 1976, the Supreme Court of the United States decided *North v. Russell,* 427 U.S. 328, 96 S.Ct. 2709, 49 L.Ed.2d 534, holding, in substance, that a two-tier trial court system, with lay judges in the first tier and an appeal of right and a *de novo* trial before a lawyer-judge, does not violate either the due process or equal protection clauses of the federal constitution. The Court in *North,* however, was dealing with an adult. Assuming *arguendo* that the *North* principle is applicable to juveniles, this does not preclude our examination of the matter from a standpoint of the State Constitution. *Oregon v. Hass,* 420 U.S.

714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); *State v. Kaluna,* 520 P.2d 51 (Hawaii 1974).

2. There are two bills of exceptions. These cases were informally consolidated in the Circuit Court, and heard together. The bills of exceptions are virtually identical, except as to matters of proof.

3. These bills of exceptions contain the word "approved", followed by the signatures of the District Attorney General and "counsel for the Defendant."

out and initialed by the trial judge, was the following:

> Time for defendant to file his bill of exceptions is extended until such time as the Court reporter can properly prepare this transcript.

It is beyond our comprehension that counsel should delay for over thirty (30) days making a formal motion for a transcript—especially in a case wherein an attack is made upon a lay judge's ability with the underlying and inherent insistence that a lawyer could do a better job.

We do not wish to be overly technical. We would prefer to decide the controversy, but we must abide the rules of procedure adopted by the legislature and long adhered to by our appellate courts.

In *Lindsey v. Fowler,* 516 S.W.2d 88, 89 (Tenn.1974) we faced an analogous situation, and stated our reluctance thusly:

> This Court is reluctant to decline to entertain any appeal on the basis of technicalities and makes every effort to rescue the record and reach a decision on the merits.

> The record in this case, however, is beyond the reach of the life-line.

The result is that we have no bill of exceptions and must limit our consideration to the technical record alone.

The technical record does not answer the basic question from which all others stem, viz: Is the County Judge (Juvenile) of Coffee County a lawyer?[4]

It, therefore, results that the question presented to this Court, briefed by the Attorney General's office, counsel for the juveniles and two *amicus curiae,* is not before this Court, leaving us with no alternative but to affirm the trial court.

The opinion of the Court of Appeals is reversed and that of the trial judge is affirmed.

COOPER, C. J., and FONES, BROCK and HARBISON, JJ., concur.

4. The bills of exceptions proceed upon the assumption that Judge John W. Ray is not a lawyer, but neither side bothered to ask him and there is no proof—one way or another in the record.