William G. ARNOLD, Petitioner,

v.

Dale L. CARTER et al., Respondents.

Mitchell E. FLYNN et ux., Petitioners,

v.

Glen JENKINS et al., Respondents.

Supreme Court of Tennessee.

Sept. 26, 1977.

S. Karen Solomon, Atchley, Atchley & Cox, Chattanooga, for petitioner William G. Arnold.

Philip A. Condra, Joyce, Anderson & Meredith, Oak Ridge, for petitioners Mitchell E. Flynn, et ux.

Ward Crutchfield, Crutchfield, Jenkins, Grantham & Teeter, Chattanooga, for respondents Dale L. Carter et al.

Roger L. Ridenour, Ridenour, Ridenour, Ridenour, Bowers & Shumate, Clinton, for respondents Glen Jenkins et al.

## OPINION

HARBISON, Justice.

A single question of practice and procedure is presented in each of these cases. Although they were tried, appealed and argued separately, the cases can appropriately be treated in a single opinion. The issue, which has arisen in these and in a number of other recent cases, is whether there is a specified number of days within which a trial judge must approve a properly filed bill of exceptions.

In the case of *Arnold v. Carter,* counsel for the appealing party took a transcript of the evidence with supporting exhibits directly to the Chancellor instead of filing it with the clerk as required by statute. At the time it was lodged with the Chancellor, the bill of exceptions had been approved and signed by counsel for all parties. The Chancellor examined it, signed, approved and dated each of the exhibits, and then took the entire bill of exceptions to the office of the Clerk and Master. There it was marked filed, only four days after entry of the judgment appealed from. There can be no question, therefore, that it was timely filed and so stamped by the clerk of the trial court. By inadvertence, however, the Chancellor had failed to sign the transcript itself. This omission was not detected by any of the parties, and the case was duly docketed and briefed in the Court of Appeals. In its examination of the record that Court discovered the absence of the Chancellor's signature on the transcript. It called the matter to the attention of counsel for the appellant, who obtained an affidavit from the Chancellor that he had indeed examined the bill of exceptions, intended to approve it, and that only by inadvertence had he failed to sign the transcript.

The Court of Appeals held that under the provisions of T.C.A. §§ 27–110, 111, it was mandatory that the trial judge sign the bill of exceptions within ninety days, at most, after entry of the order being appealed. Since the Chancellor had not signed the transcript within that time, the Court of Appeals held that it could not consider the bill of exceptions. Finding no error in the technical record alone, it affirmed the judgment of the trial court and did not reach assignments of error directed to the evidence preserved in the bill of exceptions.

In the case of *Flynn v. Jenkins,* the bill of exceptions was also approved by counsel for both parties and timely filed with the clerk of the trial court. The trial judge, however, did not sign it until more than ninety days after entry of the judgment appealed from. The Court of Appeals held that this was fatal to its consideration of the bill of exceptions, stating that since the appealing party "did not invoke the lodging and notice provisions of T.C.A. 27–110, the bill of exceptions must be treated as being filed under T.C.A. 27–111 which requires both

the filing and signature of the trial judge on the bill of exceptions within the time allowed."

Apparently in its consideration of both of these cases, the Court of Appeals overlooked the fact that in 1972 T.C.A. § 27–111 was rewritten and substantially amended, as also was T.C.A. § 27–110.

There is no question that prior to the 1972 amendment, T.C.A. § 27–111 did require that the bill of exceptions be "approved by the court and filed" within thirty days from entry of the order being appealed, or within an appropriate extension not to exceed sixty additional days.

■ This language was deleted from T.C.A. § 27–111 in 1972, however, and there is now no time specified in that section within which the trial judge must affix his signature to the bill of exceptions. As amended, T.C.A. § 27–111 simply specifies the time within which the bill of exceptions itself may properly be filed with the clerk. It no longer makes signature by the trial judge a prerequisite to such filing.

The method and process of filing the bill of exceptions are now dealt with in detail in T.C.A. § 27–110, as amended. That section expressly provides that filing is authorized when the bill of exceptions is lodged with the clerk within a specified period of time, bearing "the certificate of approval of the parties or the certificate of the court stenographer . . .."

The amended provisions of T.C.A. § 27–110 further state that the process of filing shall be complete upon the timely lodging of the bill of exceptions with the clerk, along with a certificate by the filing party that notice has been given to all other interested parties. When that procedure is used, the statute provides that any party who has not previously certified his approval of the bill of exceptions may file written objections with the clerk of the trial court within ten days of the filing. The trial judge shall then make such changes in the transcript "as the truth requires."

■ We are of the opinion that these "lodging and notice" provisions of T.C.A. § 27–110 are applicable only when a bill of exceptions has been filed without the prior certificate of approval of all of the parties. This seems to be the clear meaning of the statute, and it would be redundant indeed to require that notice be given to the other parties of the filing of a bill of exceptions, in order that they might make objections, when they have already previously approved its contents.

■ Where all of the parties have certified their approval of the bill of exceptions at the time when it is lodged with the clerk, therefore, there is no requirement that further notice be given to any of the parties. The statutory requirements for filing are met upon the timely lodging of the bill of exceptions, bearing the approval of all parties, with the clerk of the trial court. He should, of course, stamp or mark it as filed, showing the date.

T.C.A. § 27–110 provides that when any bill of exceptions has been timely filed, by either of the methods above discussed, the trial judge shall affix his certificate of approval thereon "as soon as practicable after the filing thereof" or after the expiration of the ten-day notice period, and this action of the trial judge "shall comprise the requisite authentication."

It seems to us that these provisions are clear, and that they both change and simplify the procedure under the former statutes and case law. The new statutes emphasize initially the timely filing of the bill of exceptions and describe the necessary steps. Authentication by the trial judge is, of course, essential, but it may now follow rather than precede filing, contrary to prior law. There is no specified number of days within which authentication must occur, so long as it is done "as soon as practicable" after the filing.

The amended provisions of T.C.A. § 27–110 were discussed by the Court in the recent case of *State v. Williams*, 547 S.W.2d 895 (Tenn.1976), in which the bill of exceptions had not been timely filed with the clerk and had never been signed by the trial judge. In that case, in discussing the filing requirements, the Court said:

"In short, filing is permissible either by the signatures of all counsel or by the

unilateral action of the moving party accompanied by notice. But, regardless of how filed, the bill of exceptions does not become an official record of the trial proceedings unless and until authenticated by the trial judge." 547 S.W.2d at 896.

 Since the failure of the trial judge to sign the bill of exceptions promptly was clearly an oversight or an inadvertence in the *Arnold* case, and inasmuch as the bill of exceptions in that case was timely filed with the clerk and approved by all parties, we are of the opinion that the Court of Appeals was in error in striking it. The Court should have remanded the record to the trial judge so that he could properly affix his signature. This, of course, would not be permissible in a civil case if the bill of exceptions were not properly and timely filed with the clerk in the first place.[1] Since it was so filed here, however, we are of the opinion that the signature of the trial judge can be supplied later. We accordingly direct that the record in that case be remanded to the trial judge for the affixing of his certificate of approval on the bill of exceptions, and that the record then be transmitted to the Court of Appeals for consideration of the assignments of error predicated thereon.

 In the *Flynn* case we are of the opinion that the bill of exceptions should have been considered by the Court of Appeals, since it was timely filed showing written approval of all parties, and the signature of the trial judge was affixed thereto subsequently, no question having been raised that he did not sign "as soon as practicable" after the filing. That case will, accordingly, be remanded to the Court of Appeals for consideration of the assignments of error addressed to the bill of exceptions.

Costs in each of the cases will abide the ultimate decision of the Court of Appeals.

COOPER, C. J., and FONES, HENRY and BROCK, JJ., concur.

1. Special provisions for late filing in criminal cases are contained in the last paragraph of T.C.A. § 27–111, as amended.