Cletus H. BENTON, Petitioner,

v.

Mary Stamper ANDERSON, Executrix of
the Estate of Mae Beard Stamper, et
al., Respondents.

Supreme Court of Tennessee.

Aug. 14, 1978.

Robert L. McMurray, Bell, Painter,
McMurray, Callaway, Brown & Mashburn,
Cleveland, for petitioner.

W. Keith McCord, McCord & Cockrill,
P.C., Knoxville, James S. Thompson, Fin-
nell, Thompson, Logan & Rogers, Cleveland,
for respondents.

## OPINION

COOPER, Justice.

Mary Stamper Anderson, individually and as executrix of the estate of Mae Beard Stamper, filed an action against her sister, Ann Hines, and Cletus H. Benton seeking, among other things, to have the chancery court determine the validity of two long-term leases by which Mrs. Stamper leased to Mr. Benton acreage valuable for commercial development. Mrs. Hines filed a cross-action against Benton asking that the leases be declared void because of fraud or, in the alternative, that the leases be reformed to reflect what Mrs. Hines alleged was the true agreement of the parties— that is, that the development of the leased acreage was a "joint venture" between Mrs. Stamper and Mr. Benton. As a further alternative, Mrs. Hines asked that the leases be reformed to provide for the payment of a fair and equitable rental. Mrs. Hines also sought to recover additional rent for the past use of the property and attorneys' fees.

Mr. Benton joined issue on all charges, and affirmatively pled laches and the six year statute of limitations.

On trial of the actions by oral testimony, the chancellor upheld the validity of both leases. In doing so, the chancellor specifically found that Mr. Benton was not guilty of fraud or overreaching. He also found that Mrs. Hines and Mrs. Anderson were guilty of laches.

Mrs. Hines and Mrs. Anderson appealed the chancellor's decision to the Court of Appeals. Benton filed a motion to strike the bill of exceptions on the ground it was incomplete. The Court of Appeals overruled the motion and, in a comprehensive opinion, found that Mrs. Anderson and Mrs. Hines were not guilty of laches and that Mr. Benton secured the leases "through fraud . . . by overreaching the position of confidence he held with Mrs. Stamper." The Court of Appeals reversed the decree of the chancellor, declared both leases to be void, and remanded the cause to permit the chancellor to fix "the interests of the parties in keeping with the law and evidence in the case." The Court of Appeals also directed the chancellor to hear such proof as necessary to determine whether or not Mr. Benton was entitled to any compensation for expenditures he had made on the leased property and, if so, how much.

Mr. Benton filed a petition for certiorari, taking issue with the action of the Court of Appeals in overruling the motion to strike the bill of exceptions, and with the findings by the Court of Appeals on reviewing the evidence in the bill of exceptions.

Petitioner insists that the bill of exceptions is incomplete in that

(1) the discovery depositions admitted into evidence were not made exhibits and authenticated by the chancellor, and

(2) the bill of exceptions lodged with the clerk and master pursuant to T.C.A. § 27–110 contained none of the trial exhibits.

■ The record shows that all exhibits, including the discovery depositions taken by the parties, were in the possession of the clerk and master at the time the transcript of testimony was lodged in his office. The transcript bore the certification of the court reporter, and notice of filing of the bill of exceptions was given all parties. The Court of Appeals was of the opinion that, under these circumstances, the bill of exceptions was properly lodged with the clerk and master. See T.C.A. § 27–110. We agree.

Subsequently, and after ruling on objections to the bill of exceptions, the chancellor approved the bill of exceptions and authenticated the exhibits. The discovery depositions were not authenticated. The Court of Appeals, in overruling Benton's motion to strike the bill of exceptions, held that authentication of the discovery depositions was not necessary to make them a part of the record for consideration on appeal, citing T.C.A. § 27–104 which provides that:

In equity causes removed to the Court of Appeals or Supreme Court by writ of error, or appeal in the nature of writ of error, the depositions read and exhibits introduced as evidence on the hearing

below shall be a part of the record, and the cause shall be reviewed and examined as if brought up by appeal. * * *

In *Wilson v. Tranbarger*, 218 Tenn. 208, 402 S.W.2d 449 (1965), in striking a wayside bill of exceptions as being incomplete, this court pointed out that:

When this statute [T.C.A. § 27–104] is construed in pari materia with T.C.A. § 27–302 and T.C.A. § 27–303, it is obvious the statute applies only to cases tried on depositions and exhibits and not to cases tried on oral testimony before a jury, a trial judge or a chancellor. See *Rose v. Third Nat. Bank*, 27 Tenn.App. 553, 183 S.W.2d 1 (1944); *Rose v. Brown*, 176 Tenn. 429, 143 S.W.2d 303 (1940).

In *Johnson v. Steele*, 541 S.W.2d 795 (Tenn.App. 1976), the Court of Appeals emphasized at page 798 that:

[W]hen depositions or parts thereof are read in open court, the words read should be preserved as part of the evidence (bill of exceptions), or the deposition itself should be designated by the Trial Judge as a legitimate substitute therefor.

■ The discovery depositions in this cause were neither copied in toto into the transcript, nor were they identified and authenticated by the chancellor. As a consequence, at this stage of the proceedings, the discovery depositions are not a part of the bill of exceptions and can not be considered by the appellate courts for any purpose. *See Wilson v. Tranbarger, supra.* However, the failure of the chancellor to authenticate the discovery depositions in this case is not, in our opinion, fatal to the appeal of Mrs. Hines and Mrs. Anderson.

The record shows that several of the discovery depositions were used extensively in testing veracity of witnesses. Where so used, the material parts of the depositions were included verbatim in the transcript. Near the close of the trial, the following colloquy between counsel and the chancellor occurred:

"Mr. McMurray: Could we take a break about now, your Honor.

THE COURT: Yes, sir. How much longer do you expect of this witness?

MR. McMURRAY: I expect probably another half hour or so.

(Whereupon, court was in recess for a few minutes.)

MR. McMURRAY: May it please the Court, in order to expedite this matter, I think we've agreed that rather than having to come back and read the—any discovery deposition or something like that, that either one of us can use any part of the discovery deposition we want to for—as part of their evidence in this case.

MR. McCORD: That's right.

THE COURT: Let these discovery depositions be entered into the record then, and I trust that you're entering them as proof, if need be.

Mr. McMURRAY: *If need be.*

THE COURT: And do either of you have any objection to the court reading them as proof, *if need be*?

MR. McCORD: No, sir, your Honor.

THE COURT: All right. I trust that everything has been pretty well covered, but I—

MR. THOMPSON: Your Honor, I want to join in that stipulation.

THE COURT: Certainly.

MR. McCORD: I'll join in that, too, your Honor.

THE COURT: I will state to you, in all confidence at this time, I do not intend to read these discovery depositions because I think I've heard a lot of proof, and if you have the record typed up, but nevertheless I wanted to be clear as to how you stand. All right. * * * [emphasis supplied]"

■ According to the bill of exceptions, the depositions referred to by counsel were not specifically designated as exhibits, were not assigned an exhibit identification number, and were not included in the bill of exceptions—this despite the lengthy hearing in the trial court relating to the filing of the bill of exceptions. We think a fair reading of the record, part of which is set out above, is that the material parts of the

discovery depositions—the parts relied on by the chancellor in arriving at his decision—are included verbatim in the bill of exceptions. In short, the bill of exceptions is complete in all material respects without the discovery depositions.

■ It should be noted that had the discovery depositions been material to a decision in this cause and consequently had to be included in the bill of exceptions for it to be complete, the failure of the chancellor to authenticate the discovery depositions at the time he signed the transcript and authenticated the other one hundred six depositions would not be fatal, nor would it require that the bill of exceptions be stricken as being incomplete. Where, as in the instant case, a complete and correct bill of exceptions is lodged with the clerk within the specified period of time bearing "the certificate of approval of the parties or the certificate of the court stenographer," and the trial judge fails to authenticate the bill of exceptions or exhibits included therein, he can do so on remand of the case for that purpose. As noted in *Arnold v. Carter*, Tenn., 555 S.W.2d 721 (1977), where the cause was remanded to have the chancellor approve the bill of exceptions,

> T.C.A. § 27–110 provides that when any bill of exceptions has been timely filed, by either of the methods above discussed, the trial judge shall affix his certificate of approval thereon "as soon as practicable after the filing thereof" or after the expiration of the ten-day notice period, and this action of the trial judge "shall comprise the requisite authentication." It seems to us that these provisions are clear, and that they both change and simplify the procedure under the former statutes and case law. The new statutes emphasize initially the timely filing of the bill of exceptions and describe the necessary steps. Authentication by the trial judge is, of course, essential, but it may now follow rather than precede filing, contrary to prior law. There is no specified number of days within which authentication must occur, so long as it is done "as soon as practicable" after the filing.

\*　　\*　　\*　　\*　　\*　　\*

Since the failure of the trial judge to sign the bill of exceptions promptly was clearly an oversight or an inadvertence in the *Arnold* case, and inasmuch as the bill of exceptions in that case was timely filed with the clerk and approved by all parties, we are of the opinion that the Court of Appeals was in error in striking it. The Court should have remanded the record to the trial judge so that he could properly affix his signature. This, of course, would not be permissible in a civil case if the bill of exceptions were not properly and timely filed with the clerk in the first place.

■ As to the other issues, after a comprehensive review and analysis of the record in this case, we have concluded that the Court of Appeals correctly decided the issues presented on appeal; and, specifically, that that court was correct in its analysis of the evidence and in its conclusion that the evidence clearly shows that Mrs. Anderson and Mrs. Hines were not guilty of laches and that Mr. Benton secured the leases that are the subject of this action "through fraud . . . by overreaching the position of confidence he held with Mrs. Stamper."

Accordingly, the judgment of the Court of Appeals is affirmed. The case is remanded to the chancellor to carry out the judgment of the Court of Appeals. Costs are adjudged against Cletus H. Benton and his surety.

HENRY, C. J., FONES and HARBISON, JJ., and W. I. DAVIS, Special Judge, concur.