GOLD KIST, INC., Appellee,

v.

Will J. PILLOW, Appellant.

Court of Appeals of Tennessee,
Western Section.

Jan. 24, 1979.

Certiorari Denied by Supreme Court
May 7, 1979.

L. L. Harrell, Jr., Trenton, for appellant.

Rondal T. Wilson, Shelbyville, for appellee.

NEARN, Judge.

Plaintiff Gold Kist, Inc. is in the business of buying soybeans from farmers. Defendant Will J. Pillow is a farmer in the business of raising soybeans for sale. By a series of written contracts the defendant agreed to sell and deliver to plaintiff several thousand bushels of beans. Depending upon when the several contracts were entered into, the sale price of the beans per bushel varied. The contract prices varied from $7.22 to $5.59 per bushel.

The defendant failed to deliver all the beans as contracted for and the plaintiff sued for contractual damages on two of the contracts. The Trial Court awarded judgment in favor of the plaintiff.

■ ■First, we must consider defendant's motion which suggests a diminution of the record. Attached to the motion are copies of defendant's interrogatories propounded to plaintiff; plaintiff's answers thereto, and certain exhibits attached. The interrogatories and the responses thereto indicate that same were filed with the Clerk of the Trial Court. However, they bear no authentication by the Trial Judge. The Bill of Exceptions does not reveal that the discovery interrogatories were ever read to the Court and copied into the transcript. In fact, the record does not show the discovery interrogatories were ever considered by the Court.

In *Benton v. Anderson* (1978 Tenn.) 571 S.W.2d 145, the Supreme Court observed:

"The discovery depositions in this cause were neither copied in toto into the transcript, nor were they identified and authenticated by the chancellor. As a consequence, at this stage of the proceedings, the discovery depositions are not a part of the bill of exceptions and can not be considered by the appellate courts for any purpose."

Therefore, the discovery depositions can not be made a part of the record on appeal and the motion is denied.

■ None of the Assignments of Error comply with Rule 12 of this Court which requires that "Reference must be given to the pages of the record where the rulings of the court complained of may be found." However, with the aid of appellant's "Propositions of Fact", which do cite us to portions of the record, we are able to locate in the record the main evidentiary ruling complained of by appellant. Therefore, we will consider the main Assignment of Error.

That Assignment of Error is to the effect that the Trial Judge erred in admitting parol evidence which would tend to modify, alter, or vary the terms of a written contract.

The contracts in question provide that in the event more than one contract exists any delivery of beans "shall be applied first to the contract with the earliest date until delivery on said contract is completed and then to subsequent contracts in chronological order until delivery on them is completed." The earliest contracts called for the lowest sale prices.

Plaintiff's witness testified that when defendant started to deliver his beans he re-

quested that they be applied to the later, higher priced contracts, as he was in need of money and such application would bring him in more money. Plaintiff agreed to defendant's special request and applied the beans and paid to defendant a higher price on earlier deliveries than plaintiff was obligated to pay. Later on, defendant defaulted on deliveries of the lowest paying contracts.

Defendant denies none of this as he never took the stand. His defense was built upon the premises that the parol evidence rule, T.C.A. 47–2–202 and the modification rule, T.C.A. 47–2–209 bar the admission of this evidence. That being true, it is charged that plaintiff breached the terms of the contracts by not applying the beans to the oldest and cheapest contracts first and when defendant did default it must be considered that he defaulted on his higher priced contracts wherein plaintiff was required to pay $7.22 per bushel. Further, cover beans could have been bought for some few cents less than $7.00 per bushel. Therefore, defendant owed nothing to plaintiff.

The parol evidence rule is of no benefit to the defendant. That rule states in pertinent part:

> "47–2–202 *Final written expression—Parol or extrinsic evidence.*—Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement   .   .   ."

In this case the defendant moved the Trial Court to exclude evidence of oral agreements which were made subsequent to the making of the written contracts—not prior to or contemporaneous with their making. Therefore, the rule is inapplicable to this case and it does not affect the admissibility of plaintiff's parol evidence.

The modification rule, also, fails to be of any aid to the defendant. That rule states in pertinent part:

> "(2) A signed agreement which excludes modification or rescission except by a signed writing cannot be otherwise modified or rescinded, but except as between merchants such a requirement on a form supplied by the merchant must be separately signed by the other party.
>
> \*      \*      \*      \*      \*      \*
>
> "(4) Although an attempt at modification or rescission does not satisfy the requirements of subsection (2) or (3) it can operate as a waiver."

The contracts before us contain provisions within the contemplation of T.C.A. 47–2–209(2) to the extent that the contracts "may be amended only by written agreement signed by the party to be bound". Thus, parol evidence of modification of these contracts would be inadmissible. However, parol evidence is admissible to show a waiver of a contractual provision. *Baird v. Fidelity-Phenix Fire Ins. Co.* (1942) 178 Tenn. 653, 162 S.W.2d 384.

The Tennessee Supreme Court adopted the following definition of and proof of waiver.

> " 'Waiver is a voluntary relinquishment or renunciation of some right, a foregoing or giving up of some benefit or advantage, which, but for such waiver, he would have enjoyed. It may be proved by express declaration; or by acts and declarations manifesting an intent and purpose not to claim the supposed advantage; or by a course of acts and conduct, or by so neglecting and failing to act, as to induce a belief that it was his intention and purpose to waive.' " *Baird v. Fidelity-Phenix Fire Ins. Co.*, supra.

Each party had the right to have the beans applied to the oldest contract first. Parol evidence is admissible to show a waiver. The proof here is that the parties mutually waived that right. Not only the testimony, but the acts of the parties themselves unequivocally show such mutual waiver. Plaintiff paid a higher price than at the time required and defendant accepted such higher price. Actually each party is

estopped to rely on the "chronological order" provision of the contract. The defendant is especially estopped. It would be repulsive to all equitable principles to permit a party to request a change in terms of a written agreement and then escape liability because the other party had, in good faith, granted the request. Equitable principles supplement the provisions of the U.C.C. T.C.A. 47–1–103.

All Assignments of Error are overruled and the judgment below is affirmed with costs of appeal adjudged against appellant and surety.

Done at Jackson in the two hundred and third year of our Independence and in the one hundred and eighty-third year of our Statehood.

SUMMERS and EWELL, JJ., concur.